Leo F. **KANDLBINDER,** Plaintiff,

v.

Michael v. **REAGEN,** Director of Missouri Department of Social Services, and William Rapps, Director of Missouri Division of Child Support Enforcement, Defendants.

No. 88–4235–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

May 8, 1989.

**338**

Michael L. Lyons, UAW Legal Services Plan, Sunset Hills, Mo., for plaintiff.

William Cornwell, Atty. Gen.'s Office, Jefferson City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

### Background

The plaintiff has filed this action seeking declaratory and injunctive relief under 42 U.S.C. § 1983 against defendant Michael V. Reagan, Director of the Missouri Department of Social Services, and William Rapps, Director of the Missouri Division of Child Support Enforcement, a division of the Missouri Department of Social Services. The plaintiff challenges defendants' actions in seizing his 1987 federal income tax refund to satisfy alleged child support obligations under the federal Tax Refund Intercept Program (hereinafter "TRIP"), 26 U.S.C. § 6402(c) and 42 U.S.C. § 651 *et seq.* He contends that the seizure, which was effected without first sending him a pre-intercept notice which included a list of possible defenses to the intercept of his 1987 federal income tax refund, violated his right to due process under the Fourteenth Amendment to the United States Constitution.

Plaintiff Leo F. Kandlbinder is the father of three minor children. He was ordered to pay child support in the amount of $25.00 per week per child by the Circuit Court of Franklin County, Missouri, on March 22, 1982. A notice dated September 28, 1987 sent on behalf of the Missouri Division of Child Support Enforcement informed him that his account was being referred to the Internal Revenue Service (hereinafter "IRS") for interception of his tax refund to pay his past-due child support. The notice stated that the support amount due was $900—an amount plaintiff disputed. This notice did not include a list of possible defenses to the proposed intercept. The notice did, however, state that plaintiff could contest the determination of support owed by contacting the Division of Child Support Enforcement by mail or phone. Moreover, the notice plainly stated that plaintiff was entitled to administrative review by simply contacting the agency no later than November 27, 1987 (two months after notice was received).

The TRIP procedures antedating the pre-intercept notice begin with the identification by the Division of Child Support Enforcement of an obligor who is past due in his or her child support. 45 C.F.R. § 303.71(e)(i). For non-AFDC cases (as in this case), the arrears must be at least $500.00. 45 C.F.R. § 303.72(a)(3)(ii). The Division of Child Support Enforcement submits names, Social Security numbers, and amount owed of individuals who meet this criteria to the Federal Office of Child Support Enforcement. 45 C.F.R. § 303.72(b)(2). Then the pre-intercept notice is sent during the month of October, 45 C.F.R. § 303.72(e), and the IRS is notified and attaches the taxpayer's refund.

The defendants have moved for summary judgment on the grounds that plaintiff

lacks standing in that plaintiff has presented no actual case or controversy, and plaintiff's right to procedural due process has not been violated by the lack of a list of possible defenses in the tax intercept notice. The plaintiff has filed a cross-motion for summary judgment claiming that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law.

*Discussion*

I. *Mootness*

Defendants have asserted that plaintiff lacks standing to proceed in this case because his intercepted tax refund was returned to him in January, 1989; the plaintiff had no delinquency or arrearages in his child support obligation as of June 24, 1988; and defendants removed the plaintiff's name from the intercept list as of January, 1989, and have no foreseeable plans for restoring plaintiff's name to the interception list. Plaintiff contends that his case is not moot because it is not unreasonable to assume that plaintiff will be the subject of a future tax refund intercept.

■ A case is moot when the issues presented are no longer viable or the parties lack a valid interest in the outcome. *Thomas v. Bennett,* 856 F.2d 1165, 1168 (8th Cir.1988); *Steele v. Van Buren Pub. School Dist.,* 845 F.2d 1492, 1494 (8th Cir. 1988). While it is true that defendants voluntarily returned plaintiff's income tax refund and removed his name from the intercept list, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of the power to determine the legality of the practice." *City of Mesquite v. Alladin's Castle, Inc.,* 455 U.S. 283, 287, 102 S.Ct. 1070, 1074, 71 L.Ed.2d 152 (1982).

In addition, this case is a classic example of the exception to the mootness doctrine for disputes which are "capable of repetition, yet evading review." *See Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 602–03, 102 S.Ct. 2613, 2618, 73 L.Ed.2d 248 (1982); *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 712–13, 35 L.Ed.2d 147 (1973). The plaintiff, a Chrysler auto-

worker, will be paying child support for up to seven more years while relying on a declining industry that subjects its workers to repeated layoffs and plant closings. There is obviously a reasonable likelihood of future arrearages and future tax intercepts. Further, to declare this case moot because the tax refund was returned to plaintiff would result in a waste of judicial resources. Identical issues could be raised in a new lawsuit seeking return of the intercepted funds. *Thomas v. Bennett,* 856 F.2d at 1168 n. 3. Thus, the Court finds that the present case falls under the "capable of repetition, yet evading review" exception to the mootness doctrine and the merits of this case shall be considered.

II. *Class Certification*

■ Plaintiff has prayed for a permanent injunction restraining defendants from intercepting "the federal income tax refund of plaintiff *and all other persons similarly situated,*" until the possible defenses are listed in the intercept notice. In support of this request, plaintiff cites *Marcello v. Regan,* 574 F.Supp. 586 (D.R.I. 1983) and *Nelson v. Regan,* 560 F.Supp. 1101 (D.Conn.1983), *aff'd* 731 F.2d 105 (2nd Cir.1984). Defendants contend that plaintiff is improperly seeking class-wide relief where no class has been certified.

In the present case, plaintiff has not requested certification of a class in his complaint, nor has he ever filed a motion for class certification with this Court. Without a properly certified class, a court cannot grant relief on a class-wide basis. *Davis v. Romney,* 490 F.2d 1360, 1366 (3rd Cir.1974). Therefore, a federal district court may issue an injunction *only* if it has personal jurisdiction over the parties and subject-matter jurisdiction over the lawsuit. The court may not attempt to determine the rights of persons not before the court. *Zepeda v. United States I.N.S.,* 753 F.2d 719, 727–28 (9th Cir.1983). Neither of the cases cited by plaintiff alters this result because there had been a motion for class certification in both cases. *Nelson,* 560 F.Supp. at 1105; *Marcello,* 574 F.Supp. at 592. Therefore, the Court agrees with de-

fendants' position that the plea for injunctive relief may be properly considered only as to the plaintiff.

### III. *Procedural Due Process*

■ Having disposed of these preliminary issues, there remains one narrow question to be decided by this Court: Does failure to list possible defenses in the pre-intercept notice deprive the plaintiff of his Procedural Due Process rights? At present, six district courts have decided this issue, but neither the Circuit Courts of Appeals nor the United States Supreme Court have considered it.

Of the district courts which have decided this specific issue, four have determined that a list of defenses is required to advise obligors of their due process rights. These cases are *Brown v. Eichler,* 664 F.Supp. 865 (D.Del.1987); *Smith v. Onondaga County Support Collection Unit,* 619 F.Supp. 825 (N.D.N.Y.1985); *Marcello v. Regan,* 574 F.Supp. 586 (D.R.I.1983); and *Nelson v. Regan,* 560 F.Supp. 1101 (D.Conn.1983). The present plaintiff urges this Court to adopt the reasoning of these cases in ruling that the plaintiff has been deprived of his due process rights.

Two district courts have concluded that a list of possible defenses is not critical to preservation of due process rights: *Knisley v. Bowman,* 656 F.Supp. 1540 (W.D. Mich.1987) and *McClelland v. Massinga,* 600 F.Supp. 558 (D.Md.1984). This Court concludes that the reasoning of the minority is the most sound and should be followed.

It is well-settled that notice should be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The notice provided to this plaintiff included a clearly-worded pre-intercept opportunity to contest the determination of support owed through an administrative hearing. The plaintiff had approximately two months to contact the Division of Child Support Enforcement by mail or phone. The notice did not list possible defenses to the pending tax refund intercept.

Providing a list could actually be more harmful to child support obligors. These cases are very fact-specific. Each case could be entirely different, and any list of possible defenses could fail to meet the obligor's specific situation. Such a list could actually mislead an obligor, thus increasing the risk of erroneous deprivation. In the view of this Court, the better procedure would be to notify the obligor of the pending interception, the availability of a pre-intercept hearing, and the procedures necessary to obtain such a hearing. This procedure was followed exactly in the notice mailed to plaintiff on September 28, 1987.

Due Process is dictated by the balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). This balancing test requires consideration of three distinct factors:

First, the private interests that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

424 U.S. at 335, 96 S.Ct. at 903.

Applying this test, the Court finds that the notice given to the plaintiff did not violate his procedural Due Process Rights. Due Process does not require the government to anticipate and list all possible defenses. It would be unduly burdensome for the government to compile an all-inclusive list which could ultimately mislead the obligor, despite the care with which it is compiled. Therefore, it is the conclusion of the Court that the notice mailed to plaintiff was reasonably calculated to apprise the plaintiff of the pending tax refund interception and to afford him an opportunity to present his objections.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is denied. It is further

ORDERED that defendant's motion for summary judgment is granted and this case is dismissed with prejudice.