James BOERSIG, Appellant,

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Respondent.**

No. 79886.

Supreme Court of Missouri, En Banc.

Dec. 23, 1997.

---

James Boersig, Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for Respondent.

HOLSTEIN, Judge.

James Boersig and two other persons serving prison terms sought a declaratory judgment and injunctive relief against the Missouri department of corrections (the Department). Among other claims is one that the Department's application of Missouri's minimum prison term statute, sec. 558.019, RSMo,[1] violates the constitutional right to due process. The trial court entered summary judgment in favor of the Department. Only Boersig appeals. Because Boersig's petition challenges the validity of a statute of this state, this Court has jurisdiction of the appeal. *Mo. Const. art. V, sec. 3.* The judgment is affirmed.

I.

In March of 1977, Boersig was sentenced[2] to a term of three years imprisonment for stealing. In November of 1980, Boersig was sentenced to a term of ten years imprisonment for attempting to obtain a controlled substance by forgery or alteration. In August of 1983, Boersig was paroled. In November of 1984, while on parole, Boersig received a two-year sentence for passing a bad check. This two-year sentence was ordered to be served consecutively with the ten-year sentence Boersig was already serving. In March of 1987, Boersig was again paroled. In November of 1989, while on parole, Boersig was again convicted of additional crimes and was sentenced to seven years imprisonment for second-degree robbery and seven years imprisonment for ar-

---

1. All references to statutes are to RSMo 1994, unless stated otherwise.

2. In his statement of facts, Boersig asserts that in 1977 he was "remanded to the D.O.C.," suggesting that he may have had an earlier commitment.

son, to be served concurrently with Boersig's previous sentences. In April of 1994, Boersig was again paroled. In November of 1995, Boersig, for acts committed after August 28, 1994, received additional sentences of seven years imprisonment for stealing, seven years for second-degree burglary, seven years for stealing narcotics, and five years for leaving the scene of an accident. These sentences were to be served concurrently with each other and with Boersig's previous sentences.

The Department applied sec. 558.019.2(3) and found that Boersig had "three or more previous remands to the department of corrections for felonies unrelated to the present offense." Boersig was informed that he must serve at least 80% of his sentence before being considered for parole, conditional release or other early release.

Boersig filed a petition in the Circuit Court of Cole County seeking a declaratory judgment that the Department had misconstrued sec. 558.019 and had applied the provision in such a way as to violate his due process rights. The Department filed a motion for summary judgment, which the trial court granted. This appeal followed.

## II.

Boersig argues that the trial court erred in granting summary judgment. He alleges that application of sec. 558.019 by the Department violates his due process rights in that the determination of the existence of previous remands must be conducted by the court that sentenced him after notice and an opportunity to be heard. He also argues that even if the Department may apply sec. 558.019, the section should not be applied to him because he is not a "defendant" as stated in the statute. Finally, Boersig argues that the Department incorrectly determined that he had at least three prior remands because all of his sentences and paroles since 1980 have constituted but a single remand to the Department.

The moving party is entitled to summary judgment on a showing that there is not a genuine issue as to any material fact and that judgment should be granted as a matter of law. *Rule 74.04(c)(3); ITT Commercial Finance v. Mid–America Marine,* 854 S.W.2d

371, 376 (Mo. banc 1993). When considering an appeal from summary judgment, the court reviews the record in a light most favorable to the party against whom judgment was entered and must accord the nonmovant the benefit of all reasonable inferences therefrom. *ITT Commercial Finance,* 854 S.W.2d at 376. The propriety of summary judgment is purely an issue of law. Thus, our review is essentially de novo. *Id.*

## A.

■ To establish a due process violation, a plaintiff must show a deprivation of a liberty or property interest. *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979). "There is no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence." *Id.; State ex rel. Cavallaro v. Groose,* 908 S.W.2d 133, 134 (Mo. banc 1995). While a state's parole statute may create a protected liberty interest in parole, this Court has held that Missouri's parole statute creates no liberty interest in parole. *Cavallaro,* 908 S.W.2d at 135.

■ Boersig does not directly challenge his lack of a liberty interest in parole. Instead, Boersig claims a right to a hearing before the trial court that sentenced him in order to determine the minimum prison term that he must serve. A minimum prison term is the "time required to be served by the defendant before he is eligible for parole, conditional release or other early release by the department of corrections." *Section 558.019.5.* But, as previously noted, Boersig has no liberty interest in the determination of his eligibility for early release. The right to a prior hearing attaches only to the deprivation of an interest encompassed within the Fourteenth Amendment's protection. *Fuentes v. Shevin,* 407 U.S. 67, 84, 92 S.Ct. 1983, 1996, 32 L.Ed.2d 556 (1972). Because Boersig has failed to establish the deprivation of a liberty or property interest, it logically follows that he is not entitled to a hearing under the due process clauses of the state and federal constitutions.

■ Boersig argues that even if he is not entitled to a hearing, due process requires that the sentencing court make the determination as to previous remands. However, in 1994, before the present remand, the legislature amended the statute and removed any requirement that the trial court make a determination of eligibility for early release. The legislature can terminate the statutory entitlement to a trial court determination, just as it created it. *Cavallaro,* 908 S.W.2d at 136.

Through sec. 558.019, the legislature imposed a system to determine eligibility for early release of a "defendant" who has one or more "previous remands" to the Department. The more remands a defendant has, the greater the percentage of the sentence imposed that a defendant must serve. Although the trial court still sentences the defendant, the ministerial act of determining the number of prior remands is performed by the Department. Section 558.019 specifies with clarity how much of the sentence must be served before a defendant can be considered for early release.

### B.

■ Boersig claims that the use of the word "defendant" necessarily means that sec. 558.019 can only be applied by the sentencing court while he was a defendant before that court. As noted above, while former secs. 558.019.5 and 558.021 stated that a court must determine the status of a defendant in the minimum prison term scheme, the legislature specifically removed that provision. For offenses occurring on or after August 28, 1994, the legislature changed the standard for determining eligibility for early release from "pleaded guilty to or has been found guilty of" prior felonies to "previous remands to the department of corrections." It is clearly within the Department's ability to calculate how often a particular person has been placed within its custody.

Boersig asserts a definition of defendant as "the person against whom an action or proceeding is brought." Boersig fits within his own definition. There is no requirement that the person must be a defendant at the time the determination of prior remands is made.

Section 558.019.2(3) applies if at the time of the 1995 commitment order Boersig was a "defendant" with "three or more previous remands to the department of corrections." At that moment in time, Boersig was fully in possession of the title.

### C.

■ Boersig's final argument is that the Department incorrectly determined that he had three or more previous remands to the Department. Boersig admits to being sentenced numerous times prior to his latest November 1995 sentence. However, Boersig argues that after November 1980, he received each sentence while on probation and has never actually been remanded or "sent back" to the Department since 1980. In support of this claim, he points out that the state board of probation and parole (the Board) is a division of the Department.

While it is true that the Board is a division of the Department, the Board operates independently of the Department. Each member of the Board is appointed by the governor with the advice and consent of the senate. *Secs. 217.650–.730.* Parole is the "release of an offender to the community by the court or the state board of probation and parole prior to the expiration of his term." *Sec. 217.650(4).* The Board, not the Department, makes the decision whether to parole an eligible prisoner. *Sec. 217.655.1.* Furthermore, the paroled person is "released from the custody of the department" and placed under the supervision of the Board. *Sec. 217.695.2* and *sec. 217.655.1.*

■ Boersig is correct that the ordinary and legal meaning of remand is "to cause to go back to a place" and "to send back." *Webster's Third International Dictionary* 1919 (1981); *Black's Law Dictionary* 1162 (5th ed.1979). Therefore, a "previous remand to the department of corrections" consists of the sending back of a person to the Department. Each new commitment after an initial commitment to the Department is a remand. In this case, Boersig admits to being "sent back" to the Department at least three times prior to his November 1995 sentencing. The Department correctly calculat-

ed that Boersig had "three or more previous remands to the department of corrections."

The trial court did not err in granting summary judgment. The judgment is affirmed.

All concur.