Norma BRATTON, Appellant,

v.

Cranston MITCHELL, Chairman Mo. Board of Probation & Parole and Donna Schriro, Director Mo. Dept of Corrections, Respondents.

No. WD 55010.

Missouri Court of Appeals, Western District.

Nov. 17, 1998.

Bob Tyler, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jeffeson City, for Respondents.

Before Presiding Judge ELLIS, Judge, and LOWENSTEIN and Judge RIEDERER.

LOWENSTEIN, J.

Norma Bratton, the appellant, an inmate at the Chillicothe Correctional Center, filed a suit titled, "Relating to Incarceration Status." The circuit court deemed the pleading to be a petition for declaratory relief as covered in Rule 87. The present defendant-respondents are the Board of Probation and Parole (Board), and the Department of Corrections (Corrections). In broad terms,

Bratton seeks a declaration that the respondents have incorrectly interpreted §§ 559.115.2 and 558.019, RSMo 1994[1], resulting in her being improperly deprived of early parole status. Summary judgment was rendered in favor of the respondents, the trial court holding the Board had correctly determined Bratton was ineligible for parole until she had served forty percent of a sentence. Section 558.019.2(1), *supra.*

The reader is first advised a motion to dismiss the appeal as being moot was filed shortly before oral argument. A recitation first of the statutes and then the facts will follow, since disposition of the motion and the appeal depend on establishing a procedural background of Bratton's involvement in the criminal justice system.

Section 559.115.2, as pertinent to the issues in this case reads:

A *circuit court* only upon its own motion and not that of the state or the defendant shall have the *power* to *grant probation* to a defendant *any time up to one hundred-twenty days after* such *defendant* has been *delivered* to the custody of the department of *corrections* but not thereafter. The court may request information and a recommendation from the department concerning the defendant and such defendant's behavior during the period of incarceration. Except as provided in this section, the court may place the defendant on probation in a program created pursuant to section 217.777, (this section of the statutes deals with substance abuse offenders) RSMo, or may place the defendant on probation with any other conditions authorized by law. (Emphasis added.)

Under the normal statutory scheme, the matter of parole is left to the Board, but this section allows the circuit court such authority up to 120 days after delivery to Corrections. *Duly v. Heflin,* 873 S.W.2d 932, 935 (Mo.App. 1994). This section allows what is sometimes referred to as authorizing "shock incarceration,"and this tool, which allows a sentencing judge the option of parole, is commonly referred to as a 120 day call-back.

As pertains to this case, § 558.019 titled, "Previous remands for felony offenses, minimum prison terms-calculation of term . . .", reads:

1) This section shall not be construed to affect the powers of the governor under article IV, section 7, of the Missouri Constitution. This statute shall not affect those provisions of section 565.020, RSMo, 558.018 or 571.015, RSMo, which set minimum terms of sentences, or the provisions of section 559.115, RSMo, relating to probation.

2) The provisions of this section shall be applicable to all classes of felonies except those set forth in chapter 195, RSMo, and those otherwise excluded in subsection 1 of this section. For purposes of this section, prior remands to the department of corrections shall not include commitment to a regimented discipline program established pursuant to section 217.378, RSMo. Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms;

(1) If the defendant has *one previous remand* to the department of corrections for a felony offense, the *minimum prison term* which the defendant must serve shall be *forty percent* of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first; (Emphasis added).

The remaining subdivisions of this section provide if there have been previous remands, the percentage of time to be served under the sentence increases. As pertinent here, subdivision (1) states if the defendant has had one previous remand for a felony, the defendant must serve forty percent of the sentence.

The following thumbnail chronology of events lends some background for this suit:

**1.** Further references to statutes are to RSMo 1994.

1) January 1994—Bratton pleads guilty in Pettis County to passing a bad check of over $150. Suspended imposition of sentence (SIS). Five years probation. Bratton also went to trial and was convicted on one count stealing, resulting in SIS and probation.

2) June 6,1994—Bratton pleads guilty to stealing in Pettis County. Probation for the two previous January offenses is revoked. Bratton sentenced, pursuant to § 559.115, *supra*, to three (the two January offenses plus this one) terms of four years to be served concurrently. The judgment recited that jurisdiction was retained for the 120 day call back, and contained a recommendation Bratton "... enter the Mineral Area treatment facility or its equivalent." Bratton was delivered to the Department on June 10,1994.

3) On October 8,1994, pursuant to § 559.115, Bratton was granted a one hundred-twenty day callback, released from prison and placed on probation.

4) On April 6, 1996 Bratton pled guilty in Pettis County to one count of attempted stealing. The court revoked the § 559.115 probation it had granted on the three previous convictions, and sentenced her to three years on this offense, to be served consecutive to the three prior four year concurrent sentences.

5) Two days later, on April 8, 1996, Bratton, apparently having expanded the territory for her operations, entered two pleas of guilty for passing a bad check of over $150 and stealing in Boone County Circuit Court. Sentences of three and five years imposed to run concurrent with the three June 1994 sentences of four years.

6) April 15, 1996 Bratton delivered to prison for the three 1996 convictions. Board and Corrections determined that under § 558.019.2(1), Bratton must serve forty per cent of this, her April 1996 sentence, because her delivery to custody on June 10,1994 was a "previous remand" within the meaning of the statute. This determination was based on the Board's and Corrections' interpretation that "remand", as used in § 558.019.2, is defined as any conviction, other than a chapter 195 (Narcotic Drug Act) offense, which results in any incarceration, no matter how short the period of confinement.

Bratton's amended petition, as well as her points on appeal, are somewhat difficult to follow. Summarized, the amended petition now before this court contained the following assertions and requests for declaratory relief:

1) Bratton asked for a declaration stating that her eligibility for parole was not subject to the restrictions of Section 558.019.2(1) since she did not have a previous remand.

2) A declaration that the Board and Corrections had adopted unlawful administrative rules and were guilty of an erroneous interpretation of the statutes by failing to recognize that a 120 day incarceration under Section 559.119 did not constitute a "previous remand," improperly denying her a chance for early parole.

3) The amended petition alleged, but did not pray for specific relief that the legislature has denied her equal protection because the statutory scheme of 558.019.2. exempts from the definition "previous incarceration", confinement in "Boot Camps", and there are no boot camp programs in our correctional system for women. (This reference is to the statutory language of "prior remands ... shall not include ... a regimented discipline program ...").

4) the 1994 incarceration was to a substance abuse program(559.115) which is also exempted from the application of 558.019.

5) she prayed for costs and attorney fees as well as damages for being unlawfully treated as an offender not entitled to parole eligibility.

Summary judgment was granted in favor of the respondents. Both at trial and here Bratton's primary argument is that the June 10,1994 incarceration is not a "remand" with-

in the meaning of Section 559.115, so that she should not have to serve forty per cent of her present sentence. The trial court agreed with the respondents' interpretation. Bratton further contends the 120 day period of incarceration spanning June through October 1994 was spent in a drug and alcohol institutional treatment program, thus putting her confinement in the category of a chapter 195 drug related offense and beyond the stated language of Section 559.115.2.

■ After briefs were filed in this court, but before argument, the respondents filed a motion to dismiss Bratton's appeal as moot for the reason she has been granted all the relief for which she had prayed. It is necessary to take up the motion to dismiss the appeal before considering the points raised on appeal. *Fowler v. Children of Fowler*, 860 S.W.2d 380, 382 (Mo.App.1993). In support of their motion, respondents first present the Supreme Court hand down of December 23, 1997 in the case of *Boersig v. Missouri Department of Corrections*, 959 S.W.2d 454, 457 (Mo. banc 1997). *Boersig's* declaratory judgment suit did not, as in the case at bar, implicate the shock incarceration one hundred twenty day call back statute (559.115), but was limited to seeking judicial interpretation of the 558.019 language of "previous remands to the department of corrections." [2] The Court noted this statute's pre–1994 language was, "pleaded guilty to, or has been found guilty of prior felonies," and was changed, effective August 28,1994 by the legislature to the present language of "previous remands to the department of corrections." The pre–1994 language of this statute, as well as the current version, both show an intent by the legislature to impose a greater percentage of time a defendant must serve based on "[T]he more remands a defendant has...." *Id.* at 457. Our Supreme Court, quoting Webster's and Black's dictionaries, said, "... the ordinary and legal meaning of remand is 'to cause to go back to a place' and 'to send back ...' Therefore, a 'previous remand to the department of corrections' consists of the sending back of a person to

the Department. Each new commitment after an initial commitment to the Department is a remand." The opinion then stated the plaintiff admitted to being "sent back" at least three times prior to the present confinement, and in response to *Boersig.*

■ Shortly after *Boersig* was handed down, Corrections initiated a memo to the Attorney General and the Board, saying it had determined the June 10,1994 incarceration of Bratton did not meet the criteria as a previous remand under the language of *Boersig* and therefore Bratton's record would now show no previous remands and she would not be required to serve a minimum amount of a sentence. In essence, the respondent's rationale for the motion to dismiss the appeal is Bratton sought to avoid a state determination that she was ineligible for early parole, and in this memo she got all the relief she had asked for via the post-*Boersig* memo which excused her from serving forty percent of her sentence. Bratton has, with little explanation, opposed the motion to dismiss stating only that she wants a judicial determination of her eligibility for parole.

If, as the respondents suggest, Bratton's entire appeal be dismissed as moot, the judgment of the circuit court as to her having a previous remand, would still stand of record alongside. (But see *Hancock v. McRoberts*, 798 S.W.2d 179, 184 (Mo.App.1990), as to whether a confession of judgment must be for all the relief for which the plaintiff has prayed.) It would seem incongruous to allow such a result.

■ "Mootness indicates that a controversy existed, which was properly before the court for resolution, but was extinguished by the occurrence of some event, rendering the controversy academic." *Local 781 International Association of Fire Fighters, AFL–CIO v. City of Independence*, 947 S.W.2d 456, 460 (Mo.App.1997). A case on appeal becomes moot when the question presented seeks a judgment on a matter or issue which would have no practical effect on any existing

---

2. The *Boersig* petition alleged: 1) the Department's being allowed to interpret what were "previous remands" violated his due process rights; 2) that he was not a "defendant" as used

in § 558.019; and, 3) his numerous sentences received while he was on probation prior to his current sentence never constituted a "remand" under 558.019.

controversy. *Wilson v. Murray*, 955 S.W.2d 811, 812 (Mo.App.1997). Issues that are moot are not subject to consideration. *State ex. rel. Missouri Cable Television Association v. Missouri Public Service Commission*, 917 S.W.2d 650, 652 (Mo.App.1996). To reach a decision of consideration of the mootness doctrine, an appellate court is allowed to consider matters *dehors* the record. *Citizens for Safe Waste Management v. St. Louis County Air Pollution Control Appeal Board*, 896 S.W.2d 643, 644 (Mo.App.1995). Two narrow exceptions are recognized which allow an appellate court to exercise discretion to consider the appeal *Cross v. Cross*, 815 S.W.2d 65, 66 (Mo.App.1991). One exception occurs where the case becomes moot after submission and argument. *Pope v. Howard*, 907 S.W.2d 257, 258 (Mo.App.1995). The other exception is "... where the issue raised is one of general public interest and importance, recurring in nature and will otherwise evade appellate review unless the court exercises its discretionary jurisdiction ..." *State ex. rel Cable Television Association v. Missouri Public Service Commission*, 917 S.W.2d at 652.

There are several facets to Bratton's suit and to this appeal (the five requests at pages 4 and 5 *supra*) which should be examined in light of the memo in response to *Boersig* and the doctrine of mootness. Bratton, in her petition and at oral argument (request 1), claims she is entitled to a judicial determination because no prior remands stand in her way toward parole eligibility. Respondents took the stance that under the statutory scheme and corresponding regulations Bratton did have a prior remand, and were successful by way of a summary judgment ruling in their favor. Bratton contends respondents should not be allowed to rely on the doctrine of mootness to avoid a judicial determination of what they have informally declared.

The unique facts in this case are similar to the fact pattern in *Kandlbinder v. Reagen*, 713 F.Supp. 337, 339 (W.D.Mo.1989), where, pursuant to federal legislation, the plaintiff's federal income tax refund was intercepted by the government for unpaid state child support. He objected and sought declaratory relief. The government returned his check, declared he was no longer delinquent, and moved to dismiss his case relying on the doctrine of mootness. The District Court noted that a case is moot when there are no viable issues or the parties lack a valid interest in the outcome. It then noted the exceptions to the mootness doctrine, "for disputes that are 'capable of repetition, yet evading review'." Even though the government returned the check and took the plaintiff's name off the intercept list, the court should still have the power to determine the legality of the alleged practice, for there was in that case a "reasonable likelihood of future arrearages and future tax intercepts" as to this person. *Id.* at 339.

In a similar vein, the court in *State Highway Commission of Missouri v. Volpe*, 479 F.2d 1099 (8th Cir.1973), stated the general principle that voluntary cessation of certain conduct does not render a case moot if there is a "reasonable expectation," the wrong will be repeated, and where the actions of government may impact on the "same objecting litigants," an appellate court could still review the objects of the declaratory judgment. Although this court does not believe respondents will at a later date switch gears on Bratton's parole status, the court will not declare her request for declaration of her parole status moot under these circumstances. Bratton is entitled to have the judgment changed to show her status the same as agreed to in the memo.

This court rules the post-judgment memo, which is in the nature of a confession of judgment, still does not satisfy the mootness litmus test language of rendering the issue (1) above, of a previous remand, academic. As long as a contrary judgment remains of record, Bratton's exposure to being declared to have one prior remand is still a viable, ripe issue, allowing appellate action. *West Group Broadcasting, Ltd. v. Bell*, 942 S.W.2d 934, 935–36 (Mo.App.1997). Therefore, the motion is overruled as to the portion of the appeal requesting a judicial determination on Bratton's parole status. Neither this opinion nor this result should be interpreted as a judicial ruling or comment on the issues raised in the trial court on the interrelation-

ship of §§ 558.019 and 559.115, nor upon the respondent's interpretation of *Boersig*. It is therefore necessary in this case, because of the respondent's memo, to reverse the circuit court judgment. As to this portion of the request for relief and the portion of the circuit court judgment relating to Bratton's status of having a prior or previous remand, the judgment is reversed and remanded with directions to enter a new judgment holding there is no previous remand under § 558.019 on Bratton's present status. Because the trial court's determination of the remand question was in the respondents' favor, it denied relief on (5), her claims for damages, costs and attorney's fees. With respondent's present stance on the remand for parole issue, the court rules that only that portion of the judgment relating to damages, costs and attorney fees, be reversed and remanded for trial.

The remaining parts of Bratton's petition for declaratory relief; (2)relating to interpretation and status of the rules and regulations of the respondent's, (3) relating to the equal protection argument of boot camp availability, and (4) relating to a question of whether Bratton was in a substance abuse rehabilitation program, are declared moot based on resolving the underlying issue of Bratton's parole status. These do not remain viable issues based on the relief now granted. *West Group Broadcasting, Ltd. v. Bell*, 942 S.W.2d at 935–36; *Brockman v. State*, 970 S.W.2d 398, 400 (Mo.App.1998); *Sugarbaker v. SSM Health Care*, 946 S.W.2d 280, 282 (Mo.App. 1997). These issues are not subject to any of the exceptions which would allow this court the discretion to take up these issues, and they are not shielded from further judicial review in any future controversies and therefore the appeal as to those issues is dismissed. *Chastain v. City of Kansas City*, 968 S.W.2d 232, 239 (Mo.App.1998).

The portion of the judgment declaring Bratton to have a previous remand is reversed and remanded with directions to enter judgment of no remand on her current status. The portion praying for costs, attorney's fees and damages, is reversed and remanded for trial. The portions of the appeal relating to the remaining issues (2,3 and 4) are dismissed.

All Concur.