Roger R. IRVIN, Appellant,

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. WD 58910.**

Missouri Court of Appeals,
Western District.

Nov. 21, 2000.

*Motion for Transfer to Supreme Court Denied Dec. 26, 2000.*

Roger R. Irvin, Tipton, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and HOWARD, JJ.

HOWARD, Judge.

Roger R. Irvin appeals from the circuit court's dismissal of his petition for declaratory judgment for failure to state a claim for which relief can be granted. Irvin's sole point on appeal is that the circuit court clearly erred in dismissing his petition because 1) § 558.019 [1] only applies to cases in which the predicate offenses that are counted as prior remands occurred after August 28, 1994; and 2) the applica-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

tion of § 558.019 in his case violates the ex post facto clauses of the United States and Missouri Constitutions because the offenses for which he was previously remanded to the Department of Corrections ("DOC") occurred before August 28, 1994, and he is retroactively receiving additional punishment for those offenses.

We affirm.

## Facts

On August 18, 1997, Roger Irvin committed the crime of felony stealing. On November 7, 1997, following a plea of guilty, he was convicted and sentenced to five years' imprisonment. On November 20, 1997, he was committed to the DOC. This was Irvin's fifth commitment to the DOC. Irvin was found to have three prior remands to the DOC, and to be required to serve eighty percent of his sentence under § 558.019.

On June 2, 2000, Irvin filed a petition for declaratory judgment in the Circuit Court of Cole County, Missouri. He alleged that finding him to have three prior remands under § 558.019 violated the ex post facto clauses of the United States and Missouri Constitutions because his prior offenses were committed before August 28, 1994. Irvin further argued that the language of § 558.019 requires that the statute should only be applied if the prior offenses, as well as the offense for which the mandatory minimum term of imprisonment is to be imposed, occurred after August 28, 1994.

The Circuit Court of Cole County dismissed Irvin's petition on June 23, 2000, for failure to state a claim upon which relief can be granted. This appeal follows.

## Standard of Review

 In *Roy v. Missouri Department of Corrections*, 23 S.W.3d 738, 742–43 (Mo. App. W.D.2000), this court found the proper standard of review to be as follows:

2. We note that the statute, as amended in 1998, now refers to previous prison commit-

In determining the sufficiency of a petition for declaratory judgment, this court not only deems the facts pleaded to be true, but it also construes the averments liberally, and draws all reasonable and fair inferences from the facts pleaded. *Duvall* [*v. Silvers, Asher, Sher & McLaren, M.D.'s* ], 998 S.W.2d [821,] 823 [ (Mo.App.1999) ]. "If the allegations in the petition invoke principles of substantive law which, if proved, entitles the pleader to a declaration of rights or status, the pleading is sufficient and must not be dismissed." *Kennedy v. Missouri Atty. Gen.*, 922 S.W.2d 68, 70 (Mo.App.1996). The petition must, however, contain facts to support its allegations, and not merely conclusions. *Id.* "If the facts demonstrate any justiciable controversy, the trial court should declare the rights of the parties." *Jones v. Carnahan*, 965 S.W.2d 209, 214 (Mo. App.1998).

## Argument

Irvin's sole point on appeal is that the circuit court clearly erred in dismissing his petition for declaratory judgment because 1) § 558.019 only applies to cases in which the predicate offenses that are counted as prior remands occurred after August 28, 1994; and 2) the application of § 558.019 in his case violates the ex post facto clauses of the United States and Missouri Constitutions because the offenses for which he was previously remanded to the DOC occurred before August 28, 1994, and he is retroactively receiving additional punishment for those offenses.

We first address Irvin's contention that § 558.019 only applies to cases in which the predicate offenses that are counted as prior remands occurred on or after August 28, 1994. Section 558.019 RSMo 1994 provided,[2] in relevant part, as follows:

ments, rather than remands.

2. The provisions of this section shall be applicable to all classes of felonies except those set forth in chapter 195, RSMo, and those otherwise excluded in subsection 1 of this section. For purposes of this section, prior remands to the department of corrections shall not include commitment to a regimented discipline program established pursuant to section 217.378, RSMo. Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms: . . .

(3) If the defendant has three or more previous remands to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be eighty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

. . .

7. The provisions of this section shall apply only to offenses occurring on or after August 28, 1994.

 Irvin alleges that under § 558.019.7, felonies that occurred prior to August 28, 1994 may not be considered in determining his minimum prison term under § 558.019.2(3). Therefore, Irvin argues, he should not have been required to serve eighty percent of his sentence based on commitments to the DOC that occurred on September 29, 1982, September 19,

1986, February 27, 1990, and August 4, 1993.[3]

 "The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *State v. Kraus*, 530 S.W.2d 684, 685 (Mo. banc 1975). While ambiguities in statutes in criminal cases must be construed against the State, this rule does not require that the court ignore either common sense or evident statutory purpose. *State v. Knapp*, 843 S.W.2d 345, 347 (Mo. banc 1992).

We find that the statutory language at issue is not ambiguous. We find that in enacting § 558.019.7, the legislature intended that § 558.019.2 provide for minimum prison terms only on sentences for crimes occurring on or after August 28, 1994, not that the statute only apply to cases in which the predicate offenses counted as prior remands occurred on or after August 28, 1994. *See Boersig v. Missouri Dept. of Corrections*, 959 S.W.2d 454, 455–58 (Mo. banc 1997).[4]

 Also, as the State points out, habitual offender statutes "do not punish a defendant for his prior convictions; rather they punish him as a repeat offender for his latest offense on the basis of a demonstrated propensity for misconduct." *State v. Acton*, 665 S.W.2d 618, 619 (Mo. banc 1984). Applying common sense and considering the purpose of habitual offender statutes, we find that our interpretation of the statute, discussed above, is the correct one.

---

3. "Each new commitment after an initial commitment to the Department is a remand." *Boersig v. Missouri Dept. of Corrections*, 959 S.W.2d 454, 457 (Mo. banc 1997). For the purpose of § 558.019.2(3), the 1982 commitment is the original commitment, and the three more recent commitments are the remands.

4. Although the court in *Boersig* did not directly address the issue at bar, the court found that the DOC correctly calculated that the defendant had three or more previous remands to the DOC for the purpose of calculating his minimum sentence under § 558.019.2(3), where the prior remands occurred in November 1980, November 1984, and November 1989. *Boersig*, 959 S.W.2d at 455–56.

We next address Irvin's claim that the application of § 558.019 in his case violates the ex post facto clauses of the United States and Missouri Constitutions because the offenses for which he was previously remanded to the DOC occurred before August 29, 1994, and he is retroactively receiving additional punishment for those offenses.

"The ex post facto clause is aimed at laws that are retroactive and that either alter the definition of crimes or increase the punishment for criminal acts already committed." *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 136 (Mo. banc 1995). "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver v. Graham*, 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981).

In *State v. Frederick*, 783 S.W.2d 469, 472 (Mo.App. W.D.1990), the defendant contended that the trial court's classification of him as a class X offender under § 558.019 [5] was a violation of the ex post facto clause because all of the felonies upon which the trial judge based the classification occurred before that section took effect. We held that the trial court's application of § 558.019 was not a violation of the ex post facto clause because the crime for which the jury convicted the defendant, and the sentence he was then appealing, occurred after the enactment of § 558.019. *Id.* at 473. We held that the trial court did not err in enhancing the defendant's sentence on the basis of crimes committed prior to the enactment of § 558.019. *Id.* We reasoned that the trial court sentenced the defendant not for the crimes that formed the basis for his sentence enhancement, but for the crime that was the immediate subject of the appeal. *Id.*

5. This case refers to § 558.019 RSMo 1986.

Similarly, we find that the application of § 558.019.2(3) in the present case is not a violation of the ex post facto clauses of the United States or Missouri Constitutions. Irvin is not being punished for crimes that he committed prior to the date the 1994 amendments to § 558.019 took effect, but rather he is being punished for his August 18, 1997, offense on the basis of his demonstrated propensity for misconduct.

The judgment of the circuit court is affirmed.

BRECKENRIDGE, P.J., and ULRICH, J., concur.