Richard M. WRIGHT,
Appellant Pro Se,

v.

MISSOURI DEPARTMENT OF CORRECTIONS,
Respondent.

No. WD 60975.

Missouri Court of Appeals,
Western District.

Oct. 29, 2002.

Richard M. Wright, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, ROBERT G. ULRICH, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Chief Judge.

Richard Wright appeals from a judgment entered in the Circuit Court of Cole County granting the Missouri Department of Correction's motion for summary judgment. Wright had filed a petition for declaratory relief alleging that the Department of Corrections had improperly interpreted various statutes and miscalculated his parole eligibility date.

Wright filed his *pro se* petition for declaratory relief on July 20, 2000. Thirteen days later, on August 2, 2000, prior to the Department entering its appearance or filing any motions or responsive pleadings, the trial court, *sua sponte*, dismissed Wright's petition for failure to state a claim upon which relief could be granted. Wright appealed from that judgment. On June 26, 2001, this court reversed the trial court, finding that dismissal was inappropriate because Wright had pled a justiciable issue appropriate for judicial determination, and remanded the cause for further proceedings. *Wright v. Department of Corr.*, 48 S.W.3d 662, 666 (Mo.App. W.D. 2001).

On August 21, 2001, the Department filed a pleading denominated as a "Motion for Summary Judgment." On September 20, 2001, Wright filed a response to the Department's motion arguing that it should be denied for failing to comply with Rule 74.04(c)(1). Wright contended that the motion for summary judgment should be denied because "[c]ontrary to the requirements of Rule 74.04(c)(1), ... the [Department]'s motion for summary judgment does not set forth material facts which movant claims there is no genuine dispute, nor does the [Department]'s motion for summary judgment have attached thereto a legal memorandum explaining why summary judgment should be granted." [1]

On November 26, 2001, the trial court entered its "Decision, Judgment, Order and Decree" granting summary judgment in favor of the Department. Wright appeals from that decision.

The propriety of the trial court's entry of summary judgment is purely an issue of

---

1. That same day, Wright also filed a motion to amend his petition pursuant to Rule 55.33(a) to add further allegations asserting additional ways in which the Department miscalculated his parole eligibility date. Rule 55.33 provides that pleadings may be amended upon leave of the court and that leave shall be freely granted when justice so requires. The trial court never expressly ruled on that motion.

law, and our review is, therefore, *de novo*. *Boersig v. Missouri Dep't of Corr.*, 959 S.W.2d 454, 456 (Mo. banc 1997). "The moving party is entitled to summary judgment on a showing that there is not a genuine issue as to any material fact and that judgment should be granted as a matter of law." *Id.* (citing *Rule 74.04(c)(3)* ). "When considering an appeal from summary judgment, the court reviews the record in the light most favorable to the party against whom judgment was entered and must accord the nonmovant the benefit of all reasonable inferences therefrom." *Id.* "The criteria on appeal for testing the propriety of summary judgment are no different from those that should be employed by the trial court to determine the propriety of sustaining the motion initially." *McDermott v. Missouri Bd. of Prob. & Parole*, 61 S.W.3d 246, 247 (Mo. banc 2001).

Under Rule 74.04(c)(3), summary judgment is only appropriate where the "motion for summary judgment and response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To properly plead that no genuine issue exists with regard to any material fact, Rule 74.04(c)(1) dictates that "[m]otions for summary judgment shall state with particularity in separate numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." As noted by Wright in his response to the Department's motion for summary judgment, the Department's motion wholly fails to set forth the material facts that it contends are not in dispute, does not cite to the record in support of any factual assertions, and does not even generally assert that there are no genuine issues as to any of the material facts. In addition, the Department failed to attach a separate legal memorandum explaining why summary judgment should be granted as required by the rule.

The trial court made no finding with regard to whether there was a genuine issue as to any material fact involved in this case, nor could it have on the pleadings before it. Accordingly, the Department's motion for summary judgment should not have been sustained. The judgment of the trial court is reversed and remanded for further proceedings.

All concur.