Rodney Harlin **CARROLL**,
Appellant Pro Se,

v.

**MISSOURI BOARD OF PROBATION
AND PAROLE, Respondent.**

**No. WD 61871.**

Missouri Court of Appeals,
Western District.

July 8, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 2, 2003.

Rodney Harlin Carroll, Moberly, pro se.

John M. Morris, III, Tamara D. Ader,
co-counsel, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., SMART
and EDWIN H. SMITH, JJ.

HAROLD L. LOWENSTEIN, Judge.

Rodney H. Carroll, acting pro se, appeals from the circuit court's denial of his petition for declaratory judgment, in which he argued that his 1984 conviction for stealing should not be counted as a remand for purposes of Section 558.019, RSMo 1994.[1]  On appeal, Carroll claims

---

1. All statutory references are to the Revised Statutes of Missouri 1994, unless otherwise indicated.

that the court erred in granting the Missouri Board of Probation and Parole's (the "Board") motion for summary judgment dismissing his petition because the 1984 conviction was incorrectly counted since that conviction occurred while he was then in the custody of the Missouri Department of Corrections. Judgment affirmed.

## Factual and Procedural History

In August 1997, Carroll was sentenced to fifteen years imprisonment for receiving stolen property in violation of Section 570.080 and is currently serving that sentence at the Moberly Correctional Center. Because Carroll was found to have three or more prior remands to the Department of Corrections (the "Department"), he is being required to serve eighty percent of that sentence, pursuant to Section 558.019.2(3). Carroll was first received into the Department in 1972 for "breaking jail," felonious assault, and grand stealing. He was discharged in 1976. In 1982 he was again received for robbery in the first degree and was discharged in 1986. In 1984, he was sentenced to one year for stealing over $150, to run concurrently with the 1982 sentence. In 1990, he was sentenced for stealing and receiving stolen property and was discharged in 1995. The 1997 sentence, which he is currently serving, is his fifth commitment.

In February 2002, Carroll filed a petition for declaratory judgment in the Circuit Court of Cole County. He alleged, among other things, that his conviction for stealing in 1984 should not be counted as a remand because he never left the custody of the Department in 1984 to be "re-committed." The Board subsequently filed an answer, motion for summary judgment, and a brief in support of that motion. On April 12, 2002, the trial court entered its Memorandum, Order and Judgment denying with prejudice Carroll's petition for declaratory judgment. This appeal follows.

## Standard of Review

Although Carroll in his point relied on characterizes this appeal as one from a grant of summary judgment, both Carroll and the Board state that the standard of review in this case is that of any other court-tried case, i.e., the standards outlined in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). It is not entirely clear from the record, however, whether this decision was one after a bench trial or upon the motion for summary judgment. No transcript of a hearing was filed and neither of the parties in their briefs indicates that a hearing or trial was held.

The docket sheet contained in the legal file reflects that the trial court denied the Board's motion for summary judgment on July 5, 2002. A hearing was held on August 5, 2002, in which it is noted, "Cause called and submitted," and on August 12, 2002, the docket entry notes "Tried by Court–Civil." Also on August 12, the denial of the motion for summary judgment was set aside and the judgment entered denying the petition for declaratory judgment. In its brief, the Board characterizes the decision of the court as granting the motion for summary judgment and denying the petition for declaratory judgment.[2]

---

**2.** If that is what the court intended, the judgment should have granted the motion for summary judgment and denied the petition for declaratory judgment. *C.f. Johnson v. Bd. of Prob. & Parole*, 92 S.W.3d 107, 110 (Mo. App.2002) (decision by trial court after petition for declaratory judgment and motion for summary judgment was filed, but no hearing or trial occurred, was designated as sustaining the Board's motion for summary judgment and denying petition for declaratory judgment).

Generally, a distinction between a decision based upon trial or summary judgment is important for purposes of determining the standard of review since the standard of review for summary judgment and declaratory judgment, i.e., a court-tried case, are different. *Compare Johnson v. Bd. of Prob. & Parole*, 92 S.W.3d 107, 111 (Mo.App.2002) (standard of review from grant of summary judgment is *de novo*) *and Andresen v. Bd. of Regents of Mo. Western State Coll.*, 58 S.W.3d 581, 585 (Mo.App.2001) (standard of review of denial of declaratory judgment is that of any other court-tried case, i.e., *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Nonetheless, the issue raised in Carroll's appeal involves a question of law. Thus, this court's review is *de novo*. *See Lakin v. Gen. Am. Mut. Holding Co.*, 55 S.W.3d 499, 503 (Mo.App.2001).

### Argument

Carroll's sole point on appeal is that the trial court erred in granting summary judgment [3] because the court erroneously applied the law, the ruling was against the weight of evidence, and there was no substantial evidence to support the judgement. He alleges that the Missouri Supreme Court of Missouri in *Boersig v. Missouri Department of Corrections*, 959 S.W.2d 454 (Mo. banc 1997), held that new charges obtained and resolved while not in the Missouri Department of Corrections could be counted as commitments and remands under Section 558.019. Thus, he argues, that his 1984 stealing charge could not be counted since he was incarcerated within the Department during the time of his 1984 conviction.

While Carroll argues that the ruling was against the weight of the evidence and there was no substantial evidence to support the judgment, this allegation of error is not appropriate in this case. "Weight of the evidence" presumes a factual dispute. Here, there is no such dispute. While Carroll's point relied may not technically follow the requirements of Rule 84.04, his argument is easily ascertainable. He claims that *Boersig* precludes the Board or Department from counting as a "remand" for purposes of Section 558.019 a conviction or sentence entered while a defendant is in the custody of the Department.

The version of Section 558.019.2(2) in effect at Carroll's 1997 conviction stated as follows: [4]

> If the defendant has three or more previous remands to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be eighty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

By including the 1984 sentence, Carroll is required to serve eighty percent of his sentence. If it is not included, he would only have two prior remands. Then the provision of Section 558.019.2(2) would apply, requiring him to serve only fifty percent of his sentence.

Carroll's interpretation of *Boersig*, that a release from the custody of the Department was necessarily before a subsequent sentence can be considered a "remand" for

---

**3.** As discussed above, Carroll characterizes the decision as one granting summary judgment. Whether it was so decided is not entirely clear from the record.

**4.** In 1998 the legislature amended the language of Section 558.019 by substituting "prison commitment" for "remands," and defined "prison commitment" as "the receipt by the department of corrections of a defendant after sentencing."

purposes of Section 558.019, is erroneous. While Boersig made the argument that the conviction while on probation should not be considered since he was "never actually ... remanded or 'sent back' to the Department[,]" *Boersig*, 959 S.W.2d at 457, the Supreme Court was not required to make the determination that Carroll requests in this case. The Supreme Court determined that Boersig's argument was not valid because being released on probation *was* a release from custody of the Department. *Id.*

There, Boersig, like Carroll in this case, argued "that the Department incorrectly determined that he had three or more previous remands to the Department." *Boersig*, 959 S.W.2d at 457. He claimed that several of the sentences that he received were while he was on probation and that he had "never actually been remanded or 'sent back' to the Department[,]" since the Board of Probation and Parole is a division of the Department. *Id.* The Court found that although the Board is a division of the Department, it nonetheless operated independently. *Id.* With respect to an individual's status while on parole, the Court stated the following:

> Parole is the "release of an offender to the community by the court or the state board of probation and parole prior to the expiration of his term." Sec. 217.650(4). The Board, not the Department, makes the decision whether to parole an eligible prisoner. Sec. 217.655.1. Furthermore, the paroled person is "released from the custody of the department" and placed under the supervision of the Board....

In determining that the trial court did not err in calculating Boersig's remands, the Court noted that Boersig was "correct that the ordinary legal meaning of remand is 'to cause to go back to a place' and 'to send back.'" *Id.* (quoting Webster's Third International Dictionary 1919 (1981);

BLACK'S LAW DICTIONARY 1162 (5th ed.1979)). Further, the Court stated that a " 'previous remand to the department of corrections' consists of the sending back of a person to the Department. Each new commitment after an initial commitment to the Department is a remand." *Id. Boersig* does not support Carroll's claim.

While the facts surrounding the 1984 conviction are not clear from the record, the parties do not dispute that Carroll was, in fact, in the custody of the Department serving a sentence for Robbery in the First Degree at the time of the 1984 sentence. Two alternative theories on this conviction are that either (1) he had been charged for stealing that resulted in the 1984 conviction at the time of the 1982 sentence but had not yet been sentenced for that offense, or (2) he committed the crime of stealing while in prison. Nonetheless, as a result of the 1984 conviction, he was sentenced to one year in prison to run concurrently with the 1982 sentence he was then serving.

Although Carroll's argument is based primarily on his mistaken interpretation of *Boersig*, implicit in his argument is that Section 558.019 does not allow the Department to count as a "remand" a conviction or sentence that occurs while the person is in the custody of the Department. As noted above, the Court in *Boersig* provided a definition of "remand." That definition included the statement that "[e]ach new commitment after an initial commitment to the Department is a remand." *Id.* Here, the 1984 sentence was a new sentence, and thus a new commitment to the Department. The fact that Carroll was then serving a sentence at the time, and that his 1984 sentence was to run concurrently with the sentence he was then serving, should not be used to defeat the purpose of the statute. That purpose is to "punish [a person] as a repeat offender for his latest offense on the basis of a

demonstrated propensity for misconduct." *Irvin v. Mo. Bd. of Prob. & Parole*, 34 S.W.3d 202, 205 (Mo.App.2000). To allow a prisoner to be sheltered from the this type of statute simply because the crime was committed and he was sentenced while serving a sentence or because he was sentenced on one offense prior to the resolution of a pending offense would undermine the purpose of the statute. This court refuses to interpret Section 558.019 to permit an unreasonable result. *See Lewis v. Gibbons*, 80 S.W.3d 461, 465 (Mo. banc 2002). There is no requirement in *Boersig* or in the statute that a period of time must elapse or a release must occur between commitments.

Here, the Department determined that Carroll had three prior remands, requiring him to serve eighty percent of his sentence. "[T]he ministerial act of determining the number of prior remands is performed by the Department[,] ... [and][i]t is clearly within the Department's ability to calculate how often a particular person has been placed within its custody." *Boersig*, 959 S.W.2d at 457. The judgment of the trial court is affirmed.

All concur.