Terry KENNELL, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 87716.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 12, 2006.

Maleaner Harvey, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Asst. Atty. Gen. Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The movant, Terry Kennell, appeals the motion court's order denying, without an evidentiary hearing, his Rule 24.035 motion for post-conviction relief. The movant alleges the motion court clearly erred when it denied his claims and request for an evidentiary hearing. Because we find that the State established a factual basis for the movant's armed criminal action conviction and that plea counsel was not ineffective, we affirm.

*Factual and Procedural Background*

The movant pleaded guilty in the Circuit Court of St. Louis County to one count of robbery in the second degree, in violation of section 569.030 RSMo. (2000),[1] and to one count of armed criminal action, in violation of section 571.015. The court sentenced the movant to concurrent terms of imprisonment for the minimum terms required by statute—five years for the robbery and three years for the armed criminal action.[2]

---

1. All statutory references are to RSMo. (2000) unless otherwise indicated.

2. Robbery in the second degree is a class B felony, section 569.030.2, punishable by a term of imprisonment of not less than five

In two points on appeal, the movant alleges that the motion court clearly erred in denying, without an evidentiary hearing, his motion for post-conviction relief. The movant first claims that the State failed to establish a factual basis for his armed criminal action conviction. He also claims that plea counsel was ineffective in that plea counsel misinformed him and induced him to plead guilty to armed criminal action. The movant does not challenge his conviction for robbery in the second degree.

## Standard of Review

This Court's review of a motion court's findings of fact and conclusions of law in denying a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k); *Peiffer v. State*, 88 S.W.3d 439, 445 (Mo. banc 2002); *Simmons v. State*, 100 S.W.3d 143, 145 (Mo.App. E.D.2003). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, this Court is left with a definite and firm impression that a mistake has been made. *Woods v. State*, 176 S.W.3d 711, 712 (Mo. banc 2005) (per curiam); *Simmons*, 100 S.W.3d at 145. When reviewing a motion court's ruling, we presume the motion court's findings are correct. *Simmons*, 100 S.W.3d at 145.

The motion court in this case denied the movant's claim without an evidentiary hearing. To receive an evidentiary hearing on a Rule 24.035 motion, a movant must meet three requirements: (1) the motion must allege facts, not conclusions, which, if true, warrant relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records of the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Peiffer*, 88 S.W.3d at 445; *Simmons*, 100 S.W.3d at 145. Absent any one of these three requirements, no evidentiary hearing is necessary. *Peiffer*, 88 S.W.3d at 445.

## The Factual Basis for the Movant's Armed Criminal Action Conviction

In his first point on appeal, the movant alleges that the State failed to establish a factual basis for his armed criminal action conviction in that the State failed to specify or describe the "deadly weapon" used in the underlying robbery. The movant cites no authority for his contention that the State must describe the deadly weapon used in the underlying crime in order to establish a factual basis for a plea of guilty to armed criminal action. Our own research has revealed no such authority.

"The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e). "A factual basis is established where the information or indictment clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt." *Martin v. State*, 187 S.W.3d 335, 339 (Mo.App. E.D.2006). Every element of a crime to which a defendant pleads guilty need not be explained as long as the defendant understands the *nature* of the charge. *Id.* (citing *State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996)) (emphasis added). Furthermore, as long as the basis exists on the record as a whole, the factual basis need not be established by the defendant's words or by an admission of the facts recited by the State. *Id.* If the

years, section 558.011.1(2) RSMo. (2000 & Supp.2005). Conviction for armed criminal action requires imprisonment for a term of at least three years. Section 571.015.1.

guilty plea is made voluntarily and with understanding and is unequivocal as to the factual requisites necessary to establish each element of an offense, the plea itself forms a factual basis for the guilty plea. *State v. Shafer*, 969 S.W.2d 719, 734 (Mo. banc 1998).

Section 571.015.1 provides that "any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action." The plain language of the statute identifies two elements: 1) commission of a felony 2) by, with, or through the use, assistance or aid of a dangerous instrument or deadly weapon. Section 569.030.1 provides that "a person commits the crime of robbery in the second degree when he forcibly steals property." Section 569.030.2 defines robbery in the second degree as a class B felony.

■ In this case, the movant's contention is clearly refuted by the record. The record indicates a sufficient factual basis for the court to accept the movant's plea of guilty to the charge of armed criminal action. At the plea proceeding, the court instructed the movant to listen as the prosecutor recited the factual basis for the robbery and armed criminal action charges filed against the movant. The prosecutor stated:

Your Honor, if this case were to go to trial, the State would prove beyond a reasonable doubt in Count 1, that on or about Tuesday, October 14th, 2003, at approximately 10:05 p.m., at 11406 Ortega, in St. Louis County, State of Missouri, the defendant, acting with others, forcibly stole U.S. currency in the possession of Jeffrey S. Hagan.

And in Count 2, the State would prove beyond a reasonable doubt that on or about Tuesday, October 14th, 2003, at approximately 10:05 p.m., at 11406 Ortega, in St. Louis County, State of Missouri, Terry M. Kennell, acting with others, committed the crime of Robbery in the Second Degree, charged in Count 1, all allegations of which are incorporated herein by reference. And Terry M. Kennell, acting with others, committed the foregoing felony by, with, and through the use, assistance, and aid of a deadly weapon.

The movant then confirmed that he was pleading guilty to those charges and that he accepted responsibility for the crimes.

At sentencing, the movant stated that he had no legal cause why judgment and sentence should not be pronounced. He confirmed that he had sufficient time to speak with his attorney and that counsel answered all of the movant's questions about the case. He stated that plea counsel had investigated the case satisfactorily. At no time during the plea or sentencing did the movant claim that no weapon was involved in the robbery.[3, 4]

3. The probable-cause affidavit contained in the record stated that the victim was confronted by three men, one of whom "placed the muzzle of what appeared to be a handgun against [the victim's] back." The Eastern District has never opined whether a factual basis for a plea of guilty could be based on a probable-cause affidavit that was not referred to in the guilty plea hearing. The Southern District has held that it cannot be. *Johnson v. State*, 172 S.W.3d 831, 835–36 (Mo.App. S.D. 2005). Because we hold that, even absent

this affidavit, the record refutes the movant's claim, we need not reach this issue.

4. In his *pro se* and amended motions for post-conviction relief, the movant claimed no weapon was involved in the robbery. However, the movant does not make this argument on appeal nor does he claim that some device was used that does not meet the statutory definition of "deadly weapon" contained in section 556.061(10) RSMo. (2000 & Supp. 2005).

The information recited by the prosecutor clearly charged the movant with all the elements of robbery in the second degree—a felony—and all elements of the related charge of armed criminal action. The prosecutor's recitation clearly explained the *nature* of the charges to the movant, and the movant acknowledged that those were the charges to which he intended to plead guilty. The movant, however, likens his plea to those cases where a defendant pleaded guilty to sodomy or sexual abuse without receiving a definition of "deviate sexual intercourse," "sexual contact," or other description of the specific act charged. *See, e.g., Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App. E.D.1993) ("On a blank record, the term deviate sexual intercourse is an unknown."); *Ennis v. State,* 887 S.W.2d 771, 775 (Mo.App. S.D.1994) (The meaning of "deviate sexual intercourse" is "not readily apparent in the absence of the statutory definition."). The movant's reliance on such cases in misplaced. Terms such as "sodomy" have changed substantially from the common-law definition to the current statutory definition and terms such as "deviate sexual intercourse" lack a commonly understood meaning apart from the statutory definition. Conversely, the term "deadly weapon" used in the armed criminal action charge would be easily understood by most people to mean a gun, knife, or other weapon readily capable of causing death.

In this case, the armed criminal action charge was "simple, specific and sufficient to inform the [movant] in terms that a layman would understand what acts he was charged with committing, and the commission of which constituted the crime[ ] charged." *Id.* The movant admitted his guilt by accepting responsibility for the crimes. Therefore, a sufficient factual basis was established for the court's acceptance of the movant's plea of guilty to

armed criminal action. The record conclusively refutes the movant's claims. Point denied.

### The Representations of Plea Counsel

In his second point, the movant alleges ineffective assistance of counsel. He claims that plea counsel misinformed him and induced him to plead guilty with assurances that the movant's sentence would be "amended" if either of his co-defendants received a lesser sentence than he received. The movant claims that his co-defendant who went to trial was acquitted of armed criminal action and sentenced only to five years' imprisonment for robbery in the second degree.

■■■ A mistaken belief about sentencing affects a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and is based upon a positive representation upon which the movant is entitled to rely. *Dorsey v. State,* 115 S.W.3d 842, 845 (Mo. banc 2003). The same test applies where the movant alleges that reliance on plea counsel's representations led him to plead guilty. *Krider v. State,* 44 S.W.3d 850, 857 (Mo.App. W.D.2001). "While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted. Where there is no reasonable basis for the movant's belief in light of the guilty plea record, the movant is not entitled to relief." *Id.* (citations omitted). Also, if the record conclusively refutes the movant's claim, then denial without an evidentiary hearing is proper. *Brown v. State,* 66 S.W.3d 721, 731 (Mo. banc 2002).

■■■ Here, it is unreasonable for the movant to believe that his sentence would be "amended" to less than the minimum required by statute for each offense. Fur-

ther, the record conclusively refutes any reasonable basis for the movant's alleged belief that his sentence would be "amended" if either of his co-defendants received a lesser sentence than he received. At the guilty-plea proceeding, the prosecutor stated on the record that the range of punishment for robbery in the second degree is five to fifteen years and that the minimum sentence for armed criminal action is three years. The movant stated that he understood. The State recommended a five-year sentence on the robbery charge and a three-year sentence on the armed criminal action charge. The movant confirmed that this is the recommendation he expected. When the court sentenced the movant to five years' imprisonment for the robbery and three years' imprisonment for the armed criminal action, with the sentences to run concurrently, the movant acknowledged that his sentence was no different and no greater than expected. Point denied.

The movant has failed to establish that he is entitled to relief. Therefore, we affirm the judgment of the motion court denying post-conviction relief.

GLENN A. NORTON, P.J., and KENNETH M. ROMINES, J., concur.