**David Allen JACKSON,**
**Movant/Appellant,**

v.

**STATE of Missouri,**
**Respondent/Respondent.**

**No. ED 89418.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 11, 2007.

Scott Thompson, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General Anna L. Bunch, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Movant, David Allen Jackson, appeals from a judgment denying on the merits his Rule 24.035 motion for post-conviction relief without an evidentiary hearing after he pleaded guilty to two counts of stealing a motor vehicle by deceit, in violation of section 570.030 RSMo (2000). We dismiss this appeal with instructions to the motion court to dismiss the motion because movant waived his right to file a petition for post-conviction relief as part of his plea agreement.

Movant pleaded guilty to two counts of stealing a motor vehicle by deceit, in violation of section 570.030 RSMo (2000), arising out of his use of a Discover card in someone else's name to obtain vehicles from an automobile rental company. At the change of plea hearing, movant's counsel represented that movant wished to enter a plea of guilty, and movant identified his signature on a guilty plea form. The state explained that the range of sentence extended to twenty years because movant had been charged as a persistent offender. The state also stated that it recommended a sentence of 12 years imprisonment, which was to be suspended and movant placed on five years probation to run concurrently with an existing term of probation. The trial court confirmed that the recommended sentence comported with movant's understanding of the plea agreement. The court then addressed movant's agreement to waive his right to a PCR as part of the plea bargain. The parties filed a document entitled "Waiver of Right to Proceed Under Rule 24.035 For Post Conviction Relief." It recited that movant had been informed of his right to file a Rule 24.035 motion, that the motion could be filed to seek relief for certain enumerated claims, and that the motion was the exclusive means of making such claims. It concluded:

Defendant hereby states that having been so informed of his/her rights to post conviction relief as stated above, defendant waives the right to file any such motion in return for the State's agreement to recommend a specific sentence to the Court, or for such other agreements on behalf of the State. By so agreeing to waive this right Defendant understands that he/she will be forever barred from raising any such claims as enumerated above. Defendant also states to the Court that this waiver is made knowingly, voluntarily, and intelligently, with a full understanding of the above rights.

It was signed by the assistant prosecuting attorney, movant's attorney, movant, and

the judge. The court then asked movant if he had agreed to waive his right to seek post-conviction relief as part of his plea bargain, and movant replied that he had.

Movant testified that no one made any promises or threats to him or his family to convince him to enter a plea of guilty. Movant further testified that he believed his attorney had adequately, completely and effectively represented him in his defense to the charges. He testified that he had been fully advised of all aspects of his case including his legal rights and the possible consequences of his plea, that his attorney had not failed to do anything he thought she should have done, and that he had no complaints or criticisms of his attorney.

The trial court again questioned movant about his understanding of the different rights he was giving up by pleading guilty. Specifically, the trial court asked movant:

THE COURT: Do you understand by signing the waiver of right to proceed under 24.035 in the event [your] probation is revoked and you're sentenced to the penitentiary you are giving up your rights to file any claims of ineffective assistance of counsel?

A: Yes.

THE COURT: You're giving up your right if you claim the sentence imposed was in excess of the maximum sentence authorized by law or this Court was without jurisdiction to impose the sentence?

A: Yes, ma'am.

The trial court found the plea to be made voluntarily and intelligently with a full understanding of the charges and the consequences of his plea and that a factual basis for the plea had been established. It accepted the plea and proceeded to sentencing. The trial court found movant to be a prior and persistent offender and sentenced movant to twelve years imprisonment on each count, to be served concurrently. The court suspended execution of the sentences and placed movant on probation for five years.

At a probation revocation hearing on December 19, 2005, movant admitted that he had violated the conditions of his probation. The trial court revoked his probation and ordered him to serve the previously imposed sentences.

Movant thereafter filed a *pro se* Rule 24.035 motion. Appointed counsel subsequently filed an amended motion and request for an evidentiary hearing. The motion court denied the request for an evidentiary hearing and entered written findings of fact, conclusions of law, and a judgment denying the motion on the merits.

■ On appeal, movant contends that the motion court clearly erred because he alleged facts, not refuted by the record, that his decision to plead guilty was involuntary because he relied on counsel's "promise" that the court would impose the maximum, consecutive sentence if he went to trial. We do not reach the merits of this claim because movant's waiver of his right to file a 24.035 motion as part of his plea bargain requires dismissal.

■ A movant can waive his right to seek post-conviction relief in return for a reduced sentence if the record clearly demonstrates that the movant was properly informed of his rights and that the waiver was made knowingly, voluntarily, and intelligently. *State v. Valdez*, 851 S.W.2d 20, 21–22 (Mo.App.1993); *Ferina v. State*, 742 S.W.2d 215, 217 (Mo.App.1987). Here, the record clearly reflects that movant understood the terms of the plea agreement and that he was informed of all of his rights to file a 24.035 motion, the claims that could be made therein, and the

exclusivity of that procedure for making those claims. Movant made a knowing, voluntary, and intelligent waiver of his right to seek post-conviction relief under Rule 24.035. Claimant received the reduced sentence and a suspension of execution of that sentence pursuant to the plea bargain. Movant's voluntary waiver of his right to file a 24.035 motion precludes any review of the merits of the trial court's denial of that motion. *Valdez*, 851 S.W.2d at 22.

We dismiss this appeal with directions to the motion court to dismiss movant's 24.035 motion.

ROBERT G. DOWD, JR. and KENNETH M. ROMINES, JJ., concur.