**Brandon FEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 91621.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 28, 2009.

Edward S. Thompson, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, John M. Reeves, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Brandon Fee ("Movant") appeals from the judgment denying his Rule 24.035 motion for post-conviction relief. Movant contends the motion court clearly erred in denying his Rule 24.035 motion because there was not a factual basis to support his guilty plea for first-degree arson. We find the motion court's findings of fact and conclusions of law denying Movant's Rule 24.035 motion are not clearly erroneous and affirm.

Movant pleaded guilty to two counts of class A felony murder in the second degree, Section 565.021, RSMo 2000, one count of class A felony of arson in the first degree, Section 569.040, RSMo Cum.Supp. 2007, and one count of class B felony of attempt to produce a controlled substance, methamphetamine, Section 195.211, RSMo 2000. The plea court sentenced Movant to concurrent terms of twenty years' imprisonment on the felony murder counts and the arson count, and fifteen years' imprisonment on the attempt to produce a controlled substance count.

Movant subsequently filed his *pro se* and amended Rule 24.035 motions for post-conviction relief. Movant alleged there was no factual basis for his plea of guilty to first-degree arson and the plea court's acceptance of Movant's guilty plea without a factual basis rendered his guilty plea involuntary, unknowing, and unintelligent. The parties agreed to submit the matter on the pleadings without an evidentiary hearing. The motion court subsequently denied Movant's motion. The motion court found Movant's claim was refuted by the record because Movant agreed to the facts of the crime as recited by the prosecutor. Movant now appeals.

■ In his sole point, Movant asserted the motion court clearly erred in denying his Rule 24.035 motion because there was not a factual basis to support his guilty plea for first-degree arson. Movant maintains the plea court's acceptance of Movant's plea of guilty to first-degree arson without a factual basis rendered his guilty plea involuntary, unknowing, and unintelligent. We disagree.

This court's review of a motion court's findings of fact and conclusions of law in denying a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k); *Simmons v. State,* 100 S.W.3d 143, 145 (Mo.App. E.D.2003). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. *Simmons,* 100 S.W.3d at 145. When reviewing a motion court's ruling, we presume the motion court's findings are correct. *Id.*

At the plea hearing, the prosecutor outlined the evidence that would be presented against Movant at trial as follows:

Your Honor, the [S]tate's evidence would be that on December the 19th of 2005 at the address of 5838 Sterin, S-t-e-r-i-n Drive, Apartment 50, which is in High Ridge in Jefferson County, [Movant], along with one Leroy Thombs and Joshua Miller, were in the process of manufacturing Methamphetamine.

During the process, Joshua Miller was pouring Coleman Camp Fuel into a metal pot on a gas stove. And a fire started which resulted in a fireball. And as a result of the fire in that apartment, Dawn Presley and Jimmy McCall died as a direct result of the fire.

The State's evidence would be that as to the manufacture of the Methamphetamine, that [Movant] was aware of the manufacture, assisted in the manufacture, and assisted in the purchase of necessary ingredients for the manufacture.

Movant agreed that the recitation of the facts against him was substantially accurate. Thereafter, the plea court accepted Movant's guilty pleas on all of the charges and entered a judgment upon his guilty pleas.

■■■■ "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e). A factual basis is established where the information or indictment clearly charges the defendant with all of the elements of the crime, the

nature of the charge is explained to the defendant, and the defendant admits guilt. *Kennell v. State*, 209 S.W.3d 504, 506 (Mo. App. E.D.2006). Every element of a crime to which a defendant pleads guilty need not be explained as long as the defendant understands the nature of the charge. *Id.* Furthermore, as long as the basis exists on the record as a whole, the factual basis need not be established by the defendant's words or by an admission of the facts recited by the State. *Id.* If the guilty plea is made voluntarily and with understanding and is unequivocal as to the factual requisites necessary to establish each element of an offense, the plea itself forms a factual basis for the guilty plea. *Id.* at 506–07.

Section 569.040, RSMo Cum.Supp.2007, provides for the crime of arson in the first degree [1] and now states:

1. A person commits the crime of arson in the first degree when he or she:

(1) Knowingly damages a building or inhabitable structure, and when any person is then present or in near proximity thereto, by starting a fire or causing an explosion and thereby recklessly places such person in danger of death or serious physical injury; or

(2) By starting a fire or explosion, damages a building or inhabitable structure in an attempt to produce methamphetamine.

2. Arson in the first degree is a class B felony unless a person has suffered serious physical injury or has died as a result of the fire or explosion set by the defendant or as a result of a fire or

---

1. The previous version of Section 569.040, RSMo 2000, provided:

1. A person commits the crime of arson in the first degree when he knowingly damages a building or inhabitable structure, and when any person is then present or in near proximity thereto, by starting a fire or causing an explosion and thereby recklessly

places such person in danger of death or serious physical injury.

2. Arson in the first degree is a class B felony unless a person has suffered serious physical injury or has died as a result of the fire or explosion set by the defendant in which case arson in the first degree is a class A felony.

explosion started in an attempt by the defendant to produce methamphetamine, in which case arson in the first degree is a class A felony.

As Movant points out, there are no cases discussing the changes to Section 569.040, RSMo Cum.Supp.2007, particularly with respect to Section 569.040.1(2), RSMo Cum.Supp.2007. Movant argues the legislature omitted the specific mental state of "knowingly" from Section 569.040.1(2), RSMo Cum.Supp.2007, but that the omission does not remove the requirement of a culpable mental state. Movant maintains that he did not "knowingly" start a fire or explosion and, therefore, there was not a sufficient factual basis for his guilty plea to first-degree arson under Section 569.040.1(2), RSMo Cum.Supp.2007.

We do not agree with Movant's reading of the statute. When the legislature amended Section 569.040 in 2005, they excluded the word "knowingly" from Section 569.040.1(2), RSMo Cum.Supp.2007, and introduced the requirement that an individual is guilty of first-degree arson when the individual damages a building or inhabitable structure "in an attempt to produce methamphetamine." The culpable mental state for Section 569.040.1(2), RSMo Cum. Supp.2007, is dependent upon the phrase "attempt to produce methamphetamine."

■ An individual attempts to commit an offense when, with the *purpose* of committing the offense, he does any act that is a substantial step toward the commission of the offense. *State v. Whalen*, 49 S.W.3d 181, 186 (Mo. banc 2001); Section 564.011, RSMo 2000. A "substantial step" is conduct that is strongly corroborative of the firmness of the actor's *purpose* to complete the commission of the offense. *Whalen*, 49 S.W.3d at 186; Section 564.011, RSMo 2000. "A person 'acts purposely,' or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result." Section 562.016, RSMo 2000.

Thus, under Section 569.010.1(2), RSMo Cum.Supp.2007, acting purposely or with purpose in an "attempt to produce methamphetamine" creates the basis for culpability. Therefore, to be guilty of first-degree arson under Section 569.010.1(2), RSMo Cum.Supp.2007, it is not necessary that an individual act "knowingly" or intend to start a fire or explosion that damages a building or inhabitable structure. All that is required under Section 569.010.1(2), RSMo Cum.Supp.2007, is that an individual act purposely by attempting to produce methamphetamine, and a fire or explosion causing damage to a building or inhabitable structure follow from that attempt.

In this case, Movant's actions demonstrated that he acted purposely by attempting to produce methamphetamine. Movant agreed at the plea hearing that he "was aware of the manufacture, assisted in the manufacture, and assisted in the purchase of necessary ingredients for the manufacture" of methamphetamine. These actions constituted a substantial step towards the production of methamphetamine. Thus, there was a sufficient factual basis for the plea court to accept Movant's guilty plea of first-degree arson under Section 569.040.1(2), RSMo Cum. Supp.2007. The motion court did not err in denying Movant's Rule 24.035 motion claiming his guilty plea to first-degree arson lacked a sufficient factual basis. Movant's point is denied.

The motion court's denial of Movant's Rule 24.035 motion is affirmed.

CLIFFORD H. AHRENS and SHERRI B. SULLIVAN, JJ., concur.