**Thomas CHANEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 93798.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 2, 2010.

Margaret M. Johnston, Woodrail Centre, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Thomas Chaney ("Movant") appeals from the motion court's denial of his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. Movant's sole argument is the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief because his guilty plea was entered in an unknowing, involuntary, and unintelligent manner in that his attorney was ineffective for failing to inform him that one of the counts of first-degree child molestation should have been charged as a class C instead of a class B felony. We find the motion court's findings of fact and conclusions of law are not clearly erroneous and affirm.

Movant pleaded guilty to one count of the class A felony of sexual exploitation of a minor, Section 573.023, RSMo 2000,[1] and one count of the class B felony of first-degree child molestation, Section 566.067. In a separate case, Movant pleaded guilty to one count of the class B felony of first-degree child molestation, Section 566.067. All of the pleas were taken together. Movant was sentenced to life in prison for the sexual exploitation of a minor charge, and concurrent terms of fifteen years of

---

1. All further statutory references are to RSMo 2000.

imprisonment on each of the child molestation counts.

Thereafter, Movant filed a Rule 24.035 motion for post-conviction relief. Movant alleged his counsel was ineffective for failing to inform him that one of the first-degree child molestation counts should have been charged as a class C felony and that no factual basis existed for the charge of class B first-degree child molestation on that count. The motion court held an evidentiary hearing on Movant's claims, and it subsequently issued findings of fact and conclusions of law.

The motion court found Movant was entitled to relief on his claim that his separate first-degree child molestation case should have been charged as a class C felony. However, the motion court found there was no question Movant committed the offense and that a factual basis was established at his plea. The motion court also considered Movant's contention that he would not have pled guilty but would have gone to trial if he had known the maximum punishments for the offenses with which he was charged were life imprisonment, fifteen years of imprisonment, and seven years of imprisonment instead of life imprisonment, fifteen years of imprisonment, and fifteen years of imprisonment, which were the sentences assessed according to his plea agreement. The motion court found Movant's testimony at the evidentiary hearing in support of this contention was "beyond belief." However, the motion court found Movant was entitled to re-sentencing because he was sentenced incorrectly. The motion court re-sentenced Movant to a concurrent term of seven years of imprisonment on the separate first-degree child molestation conviction. The motion court rejected all of Movant's other claims. This appeal follows.

Initially, we note the State has filed a motion to dismiss Movant's appeal, arguing Movant agreed to waive his right to seek post-conviction relief under Rule 24.035 as part of his plea agreement. Movant filed suggestions in opposition to the State's motion in which he argued he had not waived his right to seek post-conviction relief as part of the plea agreement in the underlying case.

■ A movant can waive his right to seek post-conviction relief in return for a reduced sentence if the record clearly demonstrates that the movant was properly informed of his rights and that the waiver was made knowingly, voluntarily, and intelligently. *Jackson v. State*, 241 S.W.3d 831, 833 (Mo.App. E.D.2007).

In this case, Movant pleaded guilty to the three charges. The plea court explained to Movant the rights he was giving up and the consequences of the plea. The State also went through and established the factual basis of the crimes to which Movant was pleading guilty. After each count, the plea court found on the record that there was a factual basis for the plea, that Movant understood the nature of the charge, and that Movant's plea was voluntary and unequivocal. The court accepted all three pleas.

The plea court then asked about the plea agreement. In addition to the State's recommended sentences, the State listed several other charges it was agreeing not to file. Further, the State noted that if Movant filed a post-conviction motion, "whether [it was] granted or denied ... that would ... be a violation of the [plea] agreement which would allow the State to come back and proceed on any of these other victims if it so desired." Movant's plea counsel stated he was uncomfortable with the last part because he did not discuss the waiver of Movant's post-conviction rights with Movant.

The plea court then sentenced Movant to a term of life imprisonment and two concurrent fifteen year terms and explained his post-conviction rights to him. After Movant had been sentenced and after his post-conviction rights had been explained to him, the plea court asked Movant if he would like an opportunity to talk to his plea counsel about waiving his post-conviction rights. The following exchange then occurred before the plea court:

[Plea Counsel]: Judge, actually I'd like to make a record as to the waiver of the post-conviction rights. This plea agreement came about this afternoon starting at about noon today. I saw [the prosecutor] at lunch time and the offer was life and everything concurrent to that. No mention was made as to waiving the PCR rights. Any time that I discussed a plea agreement with [Movant] I never discussed with him waiving his PCR rights. The first time I heard about PCR, waiving PCR rights was approximately one minute before this plea was to begin and it is the position of the Public Defender's Office that it would be a conflict of interest for me to advise [Movant] to waive his post-conviction rights because one of the prongs of that is effective assistance of counsel and it puts me in a very improper position to advise [Movant] whether or not I did a good job for him. So I'll advise him as to what his PCR rights are in a little bit more detail, but as far as—

[The Court]: Well, I don't expect you to advise him as to whether he ought to accept that proposition or not but simply to maybe clarify what his postconviction rights are privately so he can make his own decision as to whether to accept that late add on to the plea offer, let's put it that way. Okay. So if you want to just step back there, maybe you can go ahead and do that. We'll just wait until whenever you get finished.

([Movant] and counsel conferred off the record at this time and the proceedings resumed as follows.)

[The Court]: [Movant], obviously you're back in front of the bench now. I wasn't keeping track, but you had at least a couple minutes there to talk to [Plea Counsel] about your post-conviction rights and to consider whether you want to accept that portion of the State's plea offer or not?

[Movant]: Yeah.

[Plea Counsel]: [Movant], I advised you not to waive your PCR rights when we were back there; correct?

[Movant]: Yeah.

[Plea Counsel]: So you're doing this on your own without me?

[Movant]: Yes.

[The Prosecutor]: And Judge, I'm not saying he has to waive it right now. He's got the next six months to consider it. But if he ends up filing in the next six months, whether he wins that PCR motion or not it violates then the agreement that we entered into which is that he would accept these sentences and go serve them. Anything he does to violate that then allows me to go back and file whatever charges, etc., that I deem appropriate. That's the only thing I'm making clear. Whether he waives it or not, that's entirely up to him but it would be a violation because he is not serving the sentences, then he's saying something's wrong with the sentences or there's something wrong with the plea and he wants to have it redone. If that's the case we redo it all.

[The Court]: Okay. [Movant], any questions about that?

[Movant]: No.

[The Court]: All right. I think we've covered it all. All right. [Movant is] remanded to the custody of the Sheriff.

■ Thus, at this point, it bears emphasizing that the purported waiver, which the State claims was part of the plea agreement, did not occur until after the court had accepted Movant's pleas, had sentenced Movant according to his pleas, and had explained his post-conviction rights to him. Thus, it is clear that the waiver of post-conviction rights was not part of the plea agreement because it was not explained to Movant until after the plea agreement had been executed.

■ Further, as previously noted in *Jackson*, we have found a defendant can waive his right to seek post-conviction relief as part of a plea agreement only if the record clearly demonstrates that he was properly informed of his rights and the waiver was made knowingly, voluntarily, and intelligently. Implicit in that holding is the principle that a defendant can only agree to waive his rights to post-conviction relief while represented by counsel and after being fully informed of his rights. An accused is constitutionally entitled to assistance of counsel at all critical stages of prosecution. *State v. Johnson*, 172 S.W.3d 900, 902 (Mo.App. S.D.2005).

Here, we have already noted Movant had not been fully informed about waiving his post-conviction rights when his plea was accepted. In addition, the record shows Movant did not have the benefit of counsel when he chose to purportedly waive his postconviction rights. Further, when the agreement was finally explained to Movant, it was explained improperly. The State explained that Movant and the State agreed that if Movant chose to file a motion for post-conviction relief, the State could then proceed on additional charges in relation to other victims. Such an arrangement does not constitute a formal waiver of Movant's right to seek post-conviction relief.[2] Because the record does not show Movant was properly informed about the waiver of his post-conviction relief rights and because Movant entered into the part of the plea agreement regarding waiving his rights to post-conviction relief without the benefit of counsel, he did not knowingly and intelligently waive his post-conviction rights. Therefore, the State's motion to dismiss is denied.[3]

2. Had Movant actually waived his rights to post-conviction relief, he would not have had the right to file a motion, and if he had filed a motion, it would have been dismissed. *See Jackson*, 241 S.W.3d at 833. Adding to the confusion, the State raised the waiver issue just after the plea court had informed Movant of his right to file a motion for post-conviction relief as required by Rule 29.07(b)(4).

3. We note that in his response to the State's motion to dismiss, Movant cited to Formal Opinion 126 ("Formal Opinion 126"), which was issued on May 19, 2009 by the Advisory Committee of the Supreme Court of Missouri to deal with the subject of waiver of post-conviction relief. Formal Opinion 126 states:

We have been asked whether it is permissible for defense counsel in a criminal case to advise the defendant regarding waiver of the right to seek post-conviction relief under Rule 24.035, including claims of inef-

fective assistance by defense counsel. We understand that some prosecuting attorneys have expressed intent to require such a waiver as part of a plea agreement.

It is not permissible for defense counsel to advise the defendant regarding waiver of claims of ineffective assistance of counsel by defense counsel. Providing such advice would violate Rule 4–1.7(a)(2) because there is a significant risk that the representation of the client would be materially limited by the personal interest of defense counsel. Defense counsel is not a party to the post-conviction relief proceeding but defense counsel certainly has a personal interest related to the potential for a claim that defense counsel provided ineffective assistance to the defendant. It is not reasonable to believe that defense counsel will be able to provide competent and diligent representation to the defendant regarding the effectiveness of defense counsel's represen-

In his sole point, Movant argues the motion court clearly erred in denying his claim that his guilty plea was entered in an unknowing, involuntary, and unintelligent manner and that his counsel was ineffective for failing to inform him that one of the counts of first-degree child molestation should have been charged as a class C instead of a class B felony. Movant contends that although he was re-sentenced on the conviction, such re-sentencing was inadequate because he pleaded guilty as part of a package deal so if one part of it was wrong, the whole plea has to be re-done. We disagree.

■■■ Our review of a motion court's findings of fact and conclusions of law in denying a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k); *Fee v. State*, 283 S.W.3d 296, 297 (Mo.App. E.D.2009). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. *Id.* When reviewing a motion court's ruling, we presume the motion court's findings are correct. *Id.* The motion court is not required to believe the testimony of the movant or any other witness at an evidentiary hearing, even if uncontradicted, and an appellate court must defer to the motion court's determination of credibility. *State v. Clements*, 849 S.W.2d 640, 646–47 (Mo.App. S.D.1993).

■■■ If an accused has been misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion, or promises, the accused should be permitted to withdraw his guilty plea. *Samuel v. State*, 284 S.W.3d 616, 619 (Mo.App. W.D.2009). This is because such mistakes can affect the voluntariness of the plea, which implicates the pleader's fundamental rights under the Missouri and United States Constitutions. *Id.*

Movant contends the State asserted that if Movant filed a post-conviction motion alleging something was wrong with his sentences or plea, they would "redo it all." Movant maintains he would have proceeded to trial had he known the maximum punishment for the third count was only seven years. Thus, Movant argues his counsel was ineffective for failing to inform him of the correct maximum range of punishment, which rendered his guilty plea unknowing, unintelligent, and involuntary.

---

tation of the defendant. Therefore, under Rule 4–1.7(b)(*l*), this conflict is not waivable.

We have also been asked whether it is permissible for a prosecuting attorney to require waiver of all rights under Rule 24.035 when entering into a plea agreement. We believe that it is inconsistent with the prosecutor's duties as a minister of justice and the duty to refrain from conduct prejudicial to the administration of justice for a prosecutor to seek a waiver of post-conviction rights based on ineffective assistance of counsel or prosecutorial misconduct. See, Rules 4–3.8 and 8.4(d).

We note that at least three other states have issued opinions consistent with our view. [The North Carolina State Bar, RPC 129, January 15, 1993; Board of Professional Responsibility of the Supreme Court of Tennessee Advisory Ethics Opinion 94–A–549, November 30, 1994; Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio, Opinion 2001–6, December 7, 2001.]

We do not believe the Rules of Professional Conduct prohibit a defense counsel and prosecutor from entering into a plea agreement that involves waiver of other postconviction rights, unless such a waiver violates the Constitution or other laws. Analysis of whether it would violate the Constitution or other laws is beyond the scope of this opinion.

However, we find that we need not address any potential application of Formal Opinion 126 to this case because Movant did not waive his post-conviction rights here.

Movant contends although the court re-sentenced him, he pleaded guilty according to a "global plea," and thus, he should be allowed to withdraw his entire plea because ineffectiveness as to some counts taints the entire plea.

The motion court concluded Movant's claim that he would not have pleaded guilty if he knew one of the charges was a class C felony was not credible and that Movant's counsel was not ineffective.

We are required to defer to the motion court's determinations of credibility. As a result, we cannot say the motion court's findings were clearly erroneous. Further, Movant received relief because the motion court re-sentenced him in accordance with the correct guidelines. Movant has failed to show his belief in the incorrect sentence in one count rendered his guilty pleas as to the other counts unknowing, unintelligent, or involuntary.[4] Here, Movant pleaded guilty in return for the maximum penalty on the three counts, and that is how he was sentenced.

Therefore, the motion court did not err in denying Movant's claim that his guilty plea was entered in an unknowing, involuntary, and unintelligent manner and that his counsel was ineffective for failing to inform him that one of the counts of first-degree child molestation should have been charged as a class C instead of a class B felony. Point denied.

The motion court's denial of Movant's Rule 24.035 motion for post-conviction relief is affirmed.

KURT S. ODENWALD, P.J. and NANNETTE A. BAKER, J., concur.

---

4. We note that unlike the situation with Movant's supposed waiver of post-conviction rights, Movant had the full benefit of counsel for the rest of the plea agreement.