

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| BRUCE A. HYMES, | ) | No. ED100910 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable Jon A. Cunningham |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff/Respondent. | ) | Filed:  May 19, 2015 |

## Introduction

Bruce A. Hymes (Appellant) appeals from the motion court's judgment denying his Rule 24.035[1] motion for post-conviction relief after an evidentiary hearing.  We affirm.

## Factual and Procedural Background

On December 16, 2011, a grand jury indicted Appellant as a prior and persistent offender with 25 felony and misdemeanor counts for criminal charges occurring on various dates, only one of which is the subject of this appeal, the relevant details of which will be set out later.  On May 16, 2012, the State filed a substitute information in lieu of indictment.  On September 7, 2012, in exchange for reducing Count I, felony invasion of privacy, to a misdemeanor; and dismissing Count II, felony invasion of privacy, and Count XXII, felony second-degree assault,[2] Appellant agreed to plead guilty to 19 of the remaining 23 counts (Counts IV through XVI;

---

[1] All rule references are to Mo. R. Crim. P. 2013, unless otherwise noted.
[2] These changes were made by amended substitute information filed on September 7, 2012.

XVIII through XXI; XXIII and XXV), and nolo contendere to the remaining four (Counts I, III, XVII and XXIV).  The court accepted Appellant's pleas and imposed sentences totaling 20 years.[3] On November 16, 2012, Appellant was delivered to the Missouri Department of Corrections to serve his sentences.

On January 22, 2013, Appellant filed a *pro se* Rule 24.035 motion, later amended by appointed counsel.  On September 27, 2013, after an evidentiary hearing, the motion court denied the amended Rule 24.035 motion.  This appeal follows.

## Point on Appeal

Appellant asserts the motion court erred in denying him relief based on the third claim raised in his Rule 24.035 motion, which alleged that the motion court did not have a factual basis for entering judgment against him on Count XXIII of the amended substitute information charging him with second-degree assault by attempting to cause physical injury to the victim by chasing him with an activated Taser.

## Standard of Review

Appellate review of the motion court's action on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Brooks v. State, 242 S.W.3d 705, 708 (Mo.banc 2008).  The motion court's findings and conclusions are clearly erroneous only if, after the review of the record, the appellate court is left with the definite and firm impression that a mistake has been made.  Id.

## Discussion

Before accepting a guilty plea, the plea court must determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged.  Hoskin v. State, 863 S.W.2d 637, 639 (Mo.App. E.D. 1993); see, generally, Rule

---

[3] Appellant faced a total of 229 years' imprisonment if convicted on all counts.

2

24.02. If the facts presented to the court during the guilty plea hearing do not establish the commission of the offense, the court should reject the guilty plea. Carmons v. State, 26 S.W.3d 382, 384 (Mo.App. W.D. 2000).

The factual basis does not have to be established by the defendant's words or by an admission of the facts as recited by the State but rather may be established on the record as a whole. Simmons v. State, 429 S.W.3d 464, 467 (Mo.App. E.D. 2014). It is not necessary that every element of the crime be explained so long as the defendant understands the nature and elements of the charges against him. Franklin v. State, 989 S.W.2d 678, 679 (Mo.App. E.D. 1999). "A factual basis is established where the information or indictment clearly charges the defendant with all of the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt." Fee v. State, 283 S.W.3d 296, 298 (Mo.App. E.D. 2009).

A person commits the crime of second-degree assault if he "[a]ttempts to cause…physical injury to another person by means of a…dangerous instrument." Section 565.060.1(2).[4] Here, Count XXIII of the amended substitute information in lieu of indictment clearly charged Appellant with second-degree assault by asserting that he "attempted to cause physical injury to [the victim] by means of a dangerous instrument by chasing him with an activated Taser."[5]

The nature of the crime was explained to Appellant. Appellant admitted at the plea hearing that he and his attorney had discussed the nature of the charges against him, the evidence

---

[4] All statutory references are to RSMo 2006, unless otherwise indicated.
[5] In full, Count XXIII read as follows: "The Prosecuting Attorney of the County of St. Charles, State of Missouri, upon information and belief, charges that the defendant, in violation of Section 565.060 RSMo, committed the class C felony of assault in the second degree, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about March 14, 2010, in the County of St. Charles, State of Missouri, the defendant attempted to cause physical injury to Timothy Thompson by means of a dangerous instrument by chasing him with an activated Taser."

supporting them, his possible defenses, and that the court would not accept his guilty plea unless he admitted to his acts underlying the charges against him. Appellant signed a guilty plea, which stated that his attorney had explained "the nature of each charge." He also acknowledged he faced a potential sentence of 229 years if convicted on all counts.

At the plea hearing, during the State's recitation of the facts supporting Count XXIII, the prosecutor stated that Appellant "attempted to cause physical injury to [the victim] by means of a dangerous instrument by chasing [the victim] with an activated Taser." Appellant told the plea court he understood the charge against him and agreed that he was guilty of it.

Although Appellant attempted to qualify and minimize his actions by stating his conduct amounted to merely "a bad joke" and arguing that he did not actually "chase" the victim per se, he ultimately pled guilty to the facts underlying the charge as set out against him. The following conversation was had during the plea hearing:

> Q. (By the Court) So we'll move to count 23, sir. You're charged with the class C felony of assault in the second degree. It's alleged that…you attempted…to cause physical injury to [the victim] by means of a dangerous instrument by chasing him with an activated Taser. Did you in fact do that, sir?
>
> A. Yes, Your Honor.
>
> Q. And where did this occur?
>
> A. In the shop, St. Charles.
>
> Q. And the charge is pretty explanatory. Did you chase [the victim] with an activated Taser?
>
> A. I didn't chase him but I had it in his presence.
>
> Q. You're charged with attempting - it's an assault - class C felony of assault in the second degree. It's alleged that you attempted to cause physical injury to him by means of chasing him with this activated Taser. Is that what you did?
>
> A. There again, Your Honor, I did not chase him but I was in his presence with it and it was in a -

4

Q. Was there a confrontation type situation?

A. At that time, no, Your Honor. It was a joke. I was walking down the hall and I had bought this at the flea market that morning so -

Q. Was it a joke to you or - I mean -

A. I had it in my hand -

Q. He thought it was a joke?

A. - as he was walking by me and I was making it snap, make the sound that they make, and it was one of those where you just kind of like jabbed out like, you know. But we weren't in a yelling or a screaming or argument confrontation, no. But in the same sense it was a bad joke gone wrong so I'm liable for that.

Q. Okay.

The Prosecutor: Judge, he's not being charged with a bad joke.

THE COURT: I understand that.

Q. (By The Court) Sir, let me just –

A. Yes, Your Honor, I'm guilty of the Taser.

Q. Did you snap the Taser at him like he would think that you were shooting at him?

A. Yes, Your Honor.

Q. And if you had gotten him there'd have been a physical injury; do you agree with that? I mean it would have hurt, right, at minimum?

A. Yes.

At the evidentiary hearing on Appellant's Rule 24.035 post-conviction relief motion, plea counsel stated he met with Appellant at least 59 times to discuss his case. Plea counsel also stated he gave copies of the police report and charges to Appellant, and they reviewed and discussed them together. Appellant conceded this fact at the hearing. In discussing specifically the second-degree assault charge contained in Count XXIII,

plea counsel testified at the evidentiary hearing that Appellant understood the charge and his conduct described in the police report upon which it was based. Appellant also knew he could go to trial on the charge if he wanted.

At the post-conviction hearing, Appellant agreed the police report contained the account given by the victim of Appellant chasing him around with the activated Taser. Although Appellant did not dispute the essential elements of his conduct that fit the assault charge, he attempted to downplay the seriousness of his actions underlying the assault charge and particularly complained that if he had been advised of the definition of "dangerous instrument," he would not have pled guilty. The motion court did not believe Appellant. "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the movant." Hurst v. State, 301 S.W.3d 112, 117 (Mo.App. E.D. 2010). "We presume that the motion court's findings and conclusions are correct, and defer to the motion court's determinations of credibility." Id.

Based on the foregoing, we find a sufficient factual basis was established to support Appellant's plea of guilty to the charge of second-degree assault as charged in Count XXIII. Its elements were sufficiently set forth in the amended substitute information and by the prosecutor at the plea hearing; its nature was sufficiently explained to Appellant by his attorney; and Appellant admitted his guilt of the charge to the court. Fee, 283 S.W.3d at 298. Whether Appellant technically chased the victim with an activated Taser by running after him down the hall, thrust or jabbed the activated Taser at the victim while standing in a stationary position, or "snapped" or "shot" the Taser at the victim as they both were walking down the hall does not affect the nature of the assault charge. All of these actions satisfy the "by means of" element of

6

the statute, which only requires that Appellant "[a]ttempt[ed] to cause … physical injury to another person by means of a … dangerous instrument." Section 565.060.1. The motion court did not err in denying Appellant's Rule 24.035 motion. Appellant's point on appeal is denied.

Conclusion

The motion court's judgment is affirmed.

_Sherri B. Sullivan_
Sherri B. Sullivan, P.J.

Mary K. Hoff, J., and
Philip M. Hess, J., concur.