STATE of Missouri, Plaintiff/Respondent,

v.

Dennis GUYON, Defendant/Appellant.

No. 71087.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 14, 1997.

A. Renae Adamson, Asst. Public Defender, Columbia, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson, for plaintiff/respondent.

GRIMM, Presiding Judge.

A jury found defendant guilty of second degree burglary and felony stealing, in violation of sections 569.170 and 570.030, RSMo 1994. The trial court found defendant was "a Persistent Offender pursuant to section 558.016 RSMo., and also a Class X Offender pursuant to section 558.019 RSMo." It sentenced him to concurrent twenty year terms.

On appeal, defendant raises two points. In his first, he contends the trial court erred in sentencing him as a class X offender because that classification was no longer applicable at the time of the offenses. His second point concerns an evidentiary issue. We remand with directions to delete the reference to class X offender and otherwise affirm.

Defendant does not challenge the sufficiency of the evidence. Sometime between Saturday afternoon, August 27, 1994, and Monday morning, August 29, 1994, defendant broke into a store building and stole a cash register and about $350.00. His fingerprint was found at the scene, and he basically admitted stealing the items.

I. Class X Offender Status

■ In his first point, defendant alleges the trial court erred in sentencing him as a class X offender. He contends the trial court lacked jurisdiction to find him "to be a Class X offender and to sentence him as such since his offense occurred between August 27 and 29, 1994, and the 1994 amendment to Section 558.019 ... went into effect August 28, 1994."

The General Assembly first enacted section 558.019 in 1986. It established minimum prison terms for prior offenders, persistent offenders, and class X offenders. The statute defined a "class X offender" as "one who has previously pleaded guilty to or has been found guilty of three felonies committed at different times." Section 558.019.4(3), RSMo 1986. The minimum time a class X offender must serve is eighty percent of his sentence. Section 558.019.2(3), RSMo 1986.

Under the 1986 statute, the state had to plead the prior pleas and findings of guilt. In addition, the state had to prove the priors to the trial court and the trial court had to make findings concerning them. Section 558.019.5, RSMo 1986. In addition, the final judgment and sentence had to reflect that defendant was a class X offender. *Id.*

In subsequent years, section 558.019 RSMo 1986 was amended several times. The 1993 amendments deleted all references to "class X offender." Section 558.019, RSMo Cum Supp.1993. That deletion became effective August 28, 1993.

Revisions in 1994 withdrew the requirement to plead or prove the prior offenses. Nor was there a requirement that the trial court make any finding concerning them. Rather, the statute provided that if the defendant had "three or more previous remands to the department of corrections for

felonies unrelated to the present offense," the department of corrections had the duty to confine the defendant until the defendant had served eighty percent of his sentence or attained age seventy, whichever occurs first. Section 558.019.2(3), RSMo 1994. These revisions apply "only to offenses occurring on or after August 28, 1994." Section 558.019.7, RSMo 1994. *See also* Notes on Use 1 to MACH–CR 2.30.

Under the new statute, the trial court no longer has the responsibility to determine parole responsibility for repeat offenders. Rather, that duty has been transferred from the trial courts to the Department of Corrections. Section 558.019, RSMo 1994 and *State v. Maddix,* 935 S.W.2d 666, 673 n. 5 (Mo.App. W.D.1996).

In the case before us, the judgment and sentence refers to defendant as a "class X offender." As that term was not applicable after August 28, 1993, it should be deleted from the judgment. To that extent, we grant defendant's first point.

## II. Failure to Grant a Mistrial

In his second point, defendant alleges the trial court erred in denying his request for a mistrial. He contends he was entitled to a mistrial when a police officer testified that "there [were] other cases pending" against defendant.

At trial, the following exchange occurred on redirect of the investigating officer:

Q. Defense counsel asked you basically asked if it was for any other reason why [the building's owner's] call was—whether or not he knew [defendant's employer]?

A. That wasn't the only reason.

Q. What was the other reason?

A. To let me know [defendant] and [defendant's employer]—it doesn't make any difference, but it seems to me— I cant [sic] say for sure whether he called or I called him—but, him telling me there was other cases pending on [defendant] and [defendant's employer].

Defendant objected and at a bench conference, requested a mistrial. The trial court denied the mistrial, however it instructed the jury to disregard the officer's last comment.

Our review is limited to whether the trial court abused its discretion. *State v. Morris,* 639 S.W.2d 589, 593 (Mo.banc 1982). A mistrial is a drastic remedy to be used only in the most extraordinary circumstances when there is a grievous error which cannot otherwise be remedied. *State v. Sanders,* 903 S.W.2d 234, 238 (Mo.App. E.D.1995). A mistrial is only appropriate if the defendant has suffered prejudice as a result of the improper evidence. *State v. Garrett,* 813 S.W.2d 879, 881 (Mo.App. E.D.1991).

Here, defendant did not suffer prejudice. At the bench conference, the trial court noted that the state did not solicit that response. It further commented that due to the extent of the evidence in the case, a mistrial was not warranted.

The evidence of defendant's guilt was overwhelming. Defendant's fingerprint was found on an envelope in the store building next to where the cash register was located. When the police arrested him, defendant said to the arresting officer, "what if I give the stuff back. Let me call my boss." The officer allowed him to make the call, and overheard defendant say, "We have got to get the stuff back. It's a register and some money."

The brief comment made by the officer concerning pending cases was volunteered by a witness and the state did not emphasize it. The jury was instructed to disregard it. The evidence of guilt was strong. Further, the trial court, rather than the jury, assessed the punishment. Defendant has not demonstrated prejudice and the point is denied.

The trial court is directed to delete all references to class X offender from the judgment. As so amended, the trial court's judgment is affirmed.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.