Kenneth HUTH, Appellant,

v.

STATE of Missouri, Respondent.

No. 73164.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 26, 1998.

Application for Transfer Denied
Oct. 20, 1998.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Kenneth Huth, movant, pleaded guilty to the felony of stealing over $150.00 in violation of Sec. 570.030 RSMo 1994 (Count I); the felony of unlawful use of a weapon in violation of Sec. 571.030.1(4) RSMo 1994 (Count II); and misdemeanor assault in violation of Sec. 565.070 RSMo 1994 (Count III). The trial court sentenced movant to seven years for Count I, five years for Count II, and one year for Count III, to be served concurrently. Movant filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. The motion court denied movant's request for an evidentiary hearing and found the record negated defendant's allegations. Movant appealed. We affirm.

On March 10, 1996, movant stole a computer from a Wal–Mart store in St. Louis County. Additionally, movant knowingly threatened one or more persons in the store with a knife and sprayed one person in the head and face with pepper mace.

Movant was advised of the range of punishment for his charges and his right to a trial. Movant acknowledged he was pleading open to the court, without the benefit of a plea agreement. He expressed satisfaction with his counsel. Movant admitted he was pleading guilty because he was guilty.

The trial court accepted movant's plea as freely and voluntarily made, with a full understanding of the nature of the crimes charged. The trial court found movant understood his rights and the effect of a plea of guilty on those rights. Movant was advised of his Rule 24.035 rights and reaffirmed his satisfaction with his counsel. The trial court found no probable cause existed to believe movant received ineffective assistance of counsel.

Movant sought post-conviction relief, challenging the application of the minimum prison term, pursuant to Sec. 558.019 RSMo 1994, without notice or a hearing to establish a factual basis for its application. He also argued his plea was invalid because he pleaded guilty while ignorant of the minimum prison term since neither the court nor defense counsel ever told him it applied to the charges.

On appeal, movant first contends the motion court clearly erred in denying movant's Rule 24.035 motion without an evidentiary hearing because his guilty plea was not an intelligent, knowing, or voluntary waiver of his right to trial and his privilege against self-incrimination. Movant argues both his trial counsel and the trial court had an obligation to inform movant he would serve eighty percent of any sentence imposed for his felony convictions pursuant to Sec. 558.019.2(3) RSMo 1994. Lastly, movant contends the trial court clearly erred in rejecting movant's claim that his due process rights were violated by the application of a minimum prison term without notice or proof of his prior convictions in an adversarial hearing.

We must determine whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993). We will find the motion court's findings and conclusions clearly erroneous only if we are left with the definite and firm impression, after reviewing the entire record, that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). On review, the motion court's findings and conclusions are presumptively correct. *Id.* Movant bears the burden of proving, by a preponderance of the evidence, that the motion court erred. *State v. Hasnan*, 806 S.W.2d 54, 55 (Mo.App. 1991). Movants are entitled to evidentiary hearings if they plead facts, which would warrant relief if proven at a hearing and show those facts are not refuted by the record. *Payne v. State*, 864 S.W.2d 17, 18 (Mo. App.1993).

Movant's contentions, that both his counsel and the court had an obligation to inform movant he would serve eighty percent of any sentence imposed for his felony convictions, fail. Movant argues that Sec. 558.019 RSMo 1994 does not determine parole eligibility in that parole eligibility is determined by the Board of Probation and Parole under Sec. 217.655.2 RSMo 1994, whereas minimum prison terms are calculated and applied by the Missouri Department of Corrections.

Upon a plea of guilty, a criminal defendant waives his constitutional rights, including his Sixth Amendment right to trial and Fifth Amendment privilege against self-incrimination. *State v. Reese*, 481 S.W.2d 497, 499 (Mo. banc 1972). The due process clause of the Fourteenth Amendment precludes a finding of a valid waiver of those rights unless it is knowing, intelligent, and voluntary. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). The trial court and counsel have a duty to inform the defendant of the "direct" consequences of pleading guilty, but not the "collateral" consequences. *Hasnan*, 806 S.W.2d at 55. Direct consequences "are those which definitely, immediately, and largely automatically follow the entry of a

plea of guilty." *Id.* at 56, *quoting Huffman v. State,* 703 S.W.2d 566, 568 (Mo.App.1986). The question is whether movant had the knowledge and understanding of the consequences of his plea. *State v. Bursby,* 395 S.W.2d 155, 159 (Mo.1965).

Movant argues Sec. 558.019.2 RSMo 1994, which compels a defendant to serve a minimum prison term, constitutes a direct consequence of a guilty plea. We disagree. It is a collateral consequence. A prisoner is not eligible for parole until completion of the minimum prison term. A minimum prison term is the "time required to be served by defendant before he is eligible for parole, conditional release or other early release by the department of corrections." Sec. 558.019.5 RSMo 1994. Sec. 558.019.2 sets out the minimum prison term movant must serve before he is eligible for parole.

"The rules are silent about the judge advising [movant] concerning application of parole, conditions of parole, length of time to be served before eligibility for parole, etc." *State v. Rice,* 887 S.W.2d 425, 427 (Mo.App. 1994); Rule 24.02(b). Parole is a "collateral" consequence. *Id.* The court was not required to explain the implications of parole issues to movant. *Id.* It is the Department of Corrections, not the trial court, that calculates how often a particular person has been placed within its custody. *Boersig v. Missouri Dept. of Corrections,* 959 S.W.2d 454, 457 (Mo. banc 1997).

The trial court told defendant, now movant, the range of potential sentences for the crimes committed. Rule 24.02(b). It informed him of his right to be tried by a jury, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself. Rule 24.02(b). Defendant acknowledged that he understood a plea of guilty waived his right to a trial. Rule 24.02(b). Movant has no constitutional or inherent right to be conditionally released before expiration of a valid sentence. *Boersig,* 959 S.W.2d at 456. Movant may never be paroled. The decision can not be made by the trial court. The trial court did not err in failing to advise movant of all the collateral consequences of his guilty

plea, including the possibility of a minimum prison term determined by the Department of Corrections.

To establish ineffective assistance of counsel, movant must establish that: 1) his counsel did not demonstrate the customary skill and diligence a reasonably competent attorney would display giving similar services under the existing circumstances; and 2) he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Movant must show that there is a reasonable probability that but for his counsel's error(s), he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

"[C]ounsel has no duty to inform a defendant of all the collateral consequences of his guilty plea." *Schofield v. State,* 750 S.W.2d 463, 465 (Mo.App.1988). Failure of counsel to inform movant of all the collateral consequences of his guilty plea is an insufficient basis for an ineffective assistance claim. *Clark v. State,* 736 S.W.2d 483, 484 (Mo.App. 1987). Improper advice or a lack of advice regarding collateral consequences, such as parole eligibility, does not automatically undermine the voluntariness of the guilty plea. *White v. State,* 957 S.W.2d 805, 808 (Mo.App. 1997); *Torrence v. State,* 861 S.W.2d 149, 150 (Mo.App.1993).

Movant was informed of the direct consequences of his guilty plea. Prior to entering his guilty plea, the court advised defendant of the mandatory minimum penalty provided by law and the maximum possible penalty provided by law. He was informed that the sentences could run consecutively. He waived his right to a trial as well as his right not to be compelled to incriminate himself when he entered a plea of guilty. Movant stated he had no complaints about the effectiveness of his trial counsel.

In his pro se motion for post-conviction relief pursuant to Rule 24.035, movant never alleged facts which, if proven, would support a finding that his pleas were involuntary or unintelligent. There is no allegation that movant would not have pleaded guilty had he been informed that he would have to

serve a minimum prison term. Movant tendered knowing, intelligent, and voluntary pleas and received concurrent sentences. Movant fails to show that his attorney did not demonstrate the customary skill and diligence a reasonably competent attorney would provide under similar circumstances or that movant was prejudiced from his attorney's failure to provide information regarding parole eligibility.

Movant's first two points, that the failure of both his trial counsel and the trial court to provide information concerning the minimum prison term under Sec. 558.019 RSMo 1994, are denied.

In his final point, movant argues the trial court erred in rejecting movant's challenge to being subjected to a minimum prison term under Sec. 558.019 because movant received neither notice of the prior convictions the state intended to use nor a chance to confront any evidence thereof. Movant's due process argument fails.

The 1994 revisions to Sec. 558.019 eliminated the need for the state to plead and prove prior offenses as well as the need for the trial court to make findings concerning prior offenses and to determine eligibility for early release. *State v. Guyon*, 954 S.W.2d 15 (Mo.App.1997). The calculation of previous remands to the Department of Corrections and the minimum prison term movant must serve is determined by the Department of Corrections and not the trial court. Sec. 558.019.2(3) RSMo 1994; *Boersig v. Missouri Department of Corrections*, 959 S.W.2d 454, 457 (Mo. banc 1997). To establish a due process violation, movant must show a deprivation of a liberty or property interest. *Boersig*, 959 S.W.2d at 456. The scheme set out in Sec. 558.019 RSMo 1994 does not offend movant's due process rights because movant has no liberty interest in the determination of his eligibility for early release. *Id.* at 456–57. Point denied.

The judgment of the motion court is affirmed.

CRANDALL and KAROHL, JJ., concur.