**Kenneth Keith ROUSSEL III, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. SD 30022.

Missouri Court of Appeals, Southern District, Division One.

June 23, 2010.

Ellen H. Flottman, Columbia, for Appellant.

Chris A. Koster, Atty. Gen. and Dora A. Fichter, Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Kenneth Keith Roussel III ("Movant") appeals the motion court's denial following an evidentiary hearing of his *pro se* "Motion to Vacate, Set Aside, or Correct the Judgment or Sentence" filed pursuant to Rule 24.035.[1] In his sole point relied on, Movant asserts the motion court clearly erred in denying his Rule 24.035 motion because his guilty plea "was invalid" in that the plea court failed to set out an "adequate factual basis ... to support [his] plea." We affirm.

On October 29, 2007, Movant pled guilty to one count of the unclassified felony of statutory rape in the first degree, a violation of section 566.032, RSMo. Cum.Supp. 2006.[2] At the guilty plea hearing on November 14, 2007, Movant confirmed to the plea court that he understood the rights he was waiving by pleading guilty and that he and his attorney had discussed the charges pending against him. The following discussion then occurred:

THE COURT: Well, are you ready, then, to plead to the charge and if so, how do you plead?

MOVANT: Guilty, sir.

THE COURT: All right. Well, the State charges in this county on or about August 31st, you had sexual intercourse with a minor referred to as S.C. who was then less than 14. Did you do that?

MOVANT: Yes, sir.

THE COURT: Let the record reflect [Movant] fully understands his Constitutional rights, nature of the crime charged[,] range of punishment and consequences of his guilty plea and he knowingly, voluntarily and intelligently waives his Constitutional rights and enters [a] plea of guilty and it's ordered that his plea be accepted and be entered in the records of the court.

Movant was then sentenced by the plea court to twelve years in the Missouri Department of Corrections.

Then on May 12, 2008, Movant filed his *pro se* Rule 24.035 motion and was thereafter appointed counsel by the motion court. Movant's appointed counsel chose not to file an amended Rule 24.035 motion in this matter and, instead, filed a statement in lieu of an amended motion. *See* Rule 24.035(e).

Evidentiary hearings on Movant's Rule 24.035 motion were held on March 23, 2009, and June 15, 2009. On July 7, 2009, the motion court then issued its Judgment

---

1. All rule references are to Missouri Court Rules (2008).

2. Movant was also originally charged with two counts of the class C felony of endangering the welfare of a child in the first degree, violations of section 568.045, RSMo Cum. Supp.2005, and one count of the class D felony of unlawful use of a weapon, a violation of section 571.030, RSMo Cum.Supp. 2003. These additional counts were dismissed by the State as part of Movant's plea agreement wherein he agreed to plead guilty to statutory rape and the State would recommend a sentence of twelve years in addition to dismissing the remaining charges.

and Findings of Fact and Conclusions of Law which denied the claims set out in Movant's Rule 24.035 motion.

"Appellate review of the denial of a Rule 24.035 motion for postconviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Boyd v. State*, 205 S.W.3d 334, 338 (Mo.App. 2006); *see* Rule 24.035(k). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the 'definite and firm impression that a mistake has been made.'" *Morehead v. State*, 145 S.W.3d 922, 927 (Mo. App.2004) (quoting *Rice v. State*, 988 S.W.2d 556, 558 (Mo.App.1999)). We presume that the motion court's findings and conclusions are correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App.2002). "Movant bears the burden of proving, by a preponderance of the evidence, that the motion court erred." *Huth v. State*, 976 S.W.2d 514, 516 (Mo.App.1998).

■■■ "Upon a plea of guilty, a criminal defendant waives his constitutional rights, including his Sixth Amendment right to trial and Fifth Amendment privilege against self-incrimination." *Id.* "The due process clause of the Fourteenth Amendment precludes a finding of a valid waiver of those rights unless it is knowing, intelligent, and voluntary." *Id.*

■■■ Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Prior to accepting a plea of guilty, the trial court must "determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged." *Hoskin v. State*, 863 S.W.2d 637, 639 (Mo.App.1993).

"A defendant is not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists." *Brown v. State*, 45 S.W.3d 506, 508 (Mo.App.2001). "Every element of a crime to which a defendant pleads guilty need not be explained as long as the defendant understands the nature of the charge." *Fee v. State*, 283 S.W.3d 296, 298 (Mo.App.2009). "Furthermore, as long as the basis exists on the record as a whole, the factual basis need not be established by the defendant's words or by an admission of the facts recited by the State." *Id.* The recital of a factual basis for the charge helps to ensure the guilty plea is knowing and voluntary. *Carmons v. State*, 26 S.W.3d 382, 384 (Mo. App.2000). This Court's "'focus is on whether the plea was made intelligently and voluntarily [and not on] whether a particular ritual is followed or every detail explained.'" *Daniels v. State*, 70 S.W.3d 457, 461 (Mo.App.2002) (citation omitted). Furthermore, "[r]elief under [Rule 24.02(e)] is available only for an error of law that is ... constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Schuerenberg v. State*, 98 S.W.3d 922, 923–24 (Mo.App.2003). "Absent an abuse of discretion, this Court defers to the trial court's determination as to whether a prisoner's guilty plea was voluntary." *Jenkins v. State*, 9 S.W.3d 705, 708 (Mo. App.1999).

■■■ In the present matter, Movant was charged with statutory rape in the first degree. Section 566.032, RSMo Cum. Supp.2006, states that "[a] person commits the crime of statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old." "Statutory rape is a strict

liability crime" such that "the intent of the perpetrator and the consent of the victim are irrelevant." *State v. Stokely,* 842 S.W.2d 77, 81 (Mo. banc 1992). Accordingly, the factual basis need only show that Movant engaged in sexual intercourse with a person less than fourteen years old.[3]

In the instant matter, at the guilty plea hearing, the plea court specifically asked Movant if he "had sexual intercourse with a minor referred to as S.C. who was then less than 14" and Movant confirmed that he committed that act. Further, Movant told the trial court that he had "gone over the meaning" of the charges against him with his counsel prior to his guilty plea. It is clear that "[a]s long as Movant understands 'the nature of the charges against him, trial courts are not required to explain every element of the crime,' " *Wilder v. State,* 301 S.W.3d 122, 130 (Mo.App. 2010) (citation omitted), and "Movant is 'not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists.' " *Id.* (quoting *Johnson v. State,* 172 S.W.3d 831, 835 (Mo.App.2005)). As stated in *Hoskin v. State,* 863 S.W.2d at 639, the charge in the present matter was "simple, specific and sufficient to inform [Movant] in terms that a layman would understand what acts he was charged with committing, and the commission of which constituted the crimes charged." The factual basis for Movant's guilty plea was sufficient. The motion court did not err in denying Movant's Rule 24.035 claim. Point denied.

**3.** Movant cites this Court to a number of cases that do not aid his argument, because they are factually and legally distinguishable from the instant matter. Chief among those is *England v. State,* 85 S.W.3d 103, 107–08 (Mo.App.2002). In *England,* the movant was charged with assault in the first degree, which is a specific intent crime. *Id.* At his guilty

The findings of fact and conclusions of law of the motion court are affirmed.

BATES, P.J., and BURRELL, J., Concur.

plea hearing, movant admitted "he shot randomly at the house without knowing for certain whether anyone was inside" such that the factual basis for the plea failed to show the requisite mental state upon which to base the movant's guilty plea. *Id.* at 109. Here, as previously related, the crime charged was also a strict liability crime.