

# Missouri Court of Appeals

## Southern District

### Division One

MELVIN M. MOSLEY,            )
                             )
    Movant/Appellant,      )
                             )
vs.                          )    No. SD33163
                             )    Filed: September 18, 2014
STATE OF MISSOURI,           )
                             )
    Respondent/Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Circuit Judge

**<u>AFFIRMED</u>**

Melvin M. Mosley ("Mosley") appeals the motion court's denial of his Rule 24.035[1] motion, following an evidentiary hearing, arguing that the motion court clearly erred in denying his claim of ineffective assistance of counsel. We affirm the judgment of the motion court.

---

[1] All rule references are to Missouri Court Rules (2014).

**Facts and Procedural Background**

We set forth only those facts necessary to complete our review. In doing so, we view the evidence in the light most favorable to the motion court's judgment. *McCauley v. State*, 380 S.W.3d 657, 659 (Mo.App. S.D. 2012).

Mosley was charged by information with the class A felony of robbery in the first degree, in violation of section 569.020.[2] Mosley entered into a plea agreement with the State whereby Mosley pled guilty in exchange for a 12-year sentence. At the plea hearing, in response to questions from the trial judge, Mosley expressed no dissatisfaction with his attorney, and no promises or threats for his plea. Mosley confirmed that he signed the plea agreement, everything was truthful in the document, and that the plea agreement contained all the promises made to him in exchange for his plea of guilty including the State's opposition to probation. He stated that he was pleading guilty because he committed the acts as alleged by the State. The trial court advised that the range of punishment for the crime to which Mosley would be pleading guilty was 10 to 30 years in the Missouri Department of Corrections ("DOC"), and that Mosley had the right to be tried by a jury. Mosley said he understood.

At the sentencing hearing, Mosley's counsel requested probation and advised the court that Mosley would be open to enrollment in an anger treatment program, or in the alternative, "a 120 be given . . . for ITC." Defense counsel also argued that "this is an 85 percent crime, so if you were to sentence him to any DOC time, he'd have to do 85 percent of that[.]" The court sentenced Mosley to 12 years in the DOC.

The court then questioned Mosley again regarding his representation by defense counsel. Mosley requested that defense counsel leave the courtroom, and then told the court he was

---

[2] All references to statutes are to RSMo 2000, unless otherwise indicated.

dissatisfied with his counsel's representation in that Mosley did not want to waive his preliminary hearing, and defense counsel promised him probation. The court asked Mosley if he understood that at the time he signed the plea agreement, and the State opposed probation, that it became the court's decision as to whether probation would be ordered. Mosley indicated that was what he understood. The court then asked Mosley if he had any other complaints about defense counsel and Mosley responded, "That's all." The trial court announced its conclusion that Mosley was not provided ineffective assistance of counsel.

Mosley filed a timely *pro se* motion for post-conviction relief. Thereafter, appointed counsel filed an amended motion on Mosley's behalf. The amended motion alleged that Mosley's guilty plea was involuntary in that his plea counsel failed to inform him prior to his plea that he would be required to serve 85 percent of his sentence, and that he pled guilty under the mistaken belief that he would either receive immediate probation or be required to serve only 15 percent of his 12-year sentence.

On November 14, 2013, an evidentiary hearing was held. Mosley's plea counsel testified that he discussed the terms of the plea offer and its benefits and drawbacks with Mosley. Plea counsel testified he told Mosley that: (1) the State would oppose probation; (2) if Mosley were not given probation, he would be facing 12 years in the DOC and be required to serve 85 percent of his sentence; and (3) that after talking with multiple witnesses, plea counsel believed Mosley's case would be very difficult to win at trial.

Plea counsel also testified he would never tell a client charged with robbery that he would be eligible for parole after serving only 15 percent of his sentence because it would be statutorily impossible, and that he would have told Mosley there was evidence supporting a "good

3

argument" for probation, but never promised or guaranteed Mosley would receive probation by pleading guilty.

Mosley testified he had not previously been through the "felony court system" prior to the plea hearing and did not have a lot of experience with the court system. During Mosley's testimony, the following colloquy took place:

> [Mosley's Counsel:] Okay. So then did you discuss the guilty plea with [plea counsel] and what would happen if you pled guilty?
>
> [Mosley:] He didn't tell me about the 85 percent or nothing like that.
>
> [Mosley's Counsel:] What did you think you were—what did you think was going to happen after you pled guilty to robbery? What did you think would happen to you?
>
> [Mosley:] Honestly, I thought I was getting probation.

Mosley further testified that his plea counsel told him he was going to obtain probation for Mosley and that Mosley would not receive any additional jail time if he pled guilty. Mosley testified he did not have a chance to read through his plea agreement, and did not understand what was going on during the plea hearing.

On January 21, 2014, the motion court entered findings of fact and conclusions of law denying Mosley's motion for post-conviction relief. This appeal followed.

In his single point relied on, Mosley contends the motion court clearly erred in denying his motion for post-conviction relief in that plea counsel was ineffective in failing to inform Mosley that he would have to serve 85 percent of his sentence and that there was no guarantee of probation so that his plea of guilty was involuntary.

The issue before us is whether the motion court clearly erred in finding Mosley's plea counsel was not ineffective.

4

## Standard of Review

This Court reviews a motion court's findings and conclusions on a Rule 24.035 motion to determine whether they are clearly erroneous. ***Chrisman v. State***, 288 S.W.3d 812, 820 (Mo.App. S.D. 2009); Rule 24.035(k). We will find the motion court clearly erred only if after reviewing the complete record, we are left with a "definite and firm impression that a mistake has been made." ***Id.*** (internal quotation and citation omitted).

## Analysis

Mosley argues that his plea counsel was ineffective in failing to inform Mosley that he would have to serve 85 percent of his sentence before being eligible for parole.

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.

***Strickland v. Washington***, 466 U.S. 668, 687 (1984). Specifically, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." ***Id.*** at 688. "Judicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ***Id.*** at 689.

Second, the defendant must show prejudice from his counsel's deficient conduct. ***Id.*** at 687. "To show prejudice when challenging a guilty plea, the movant must allege facts showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Davis v. State***, 435 S.W.3d 113, 116 (Mo.App. E.D. 2014) (internal quotation and citation omitted). "[F]ollowing a guilty plea, the

5

effectiveness of counsel is relevant only to the extent that it affected whether or not the plea was made voluntarily and knowingly." ***Id.*** (internal quotation and citation omitted).

Mosley's argument that he was denied effective assistance of counsel in that his plea counsel failed to inform him that he would have to serve at least 85 percent of the 12-year sentence in the plea agreement, completely ignores our standard of review. We "defer[] to the motion court's superior opportunity to judge the credibility of witnesses." ***Barton v. State***, 432 S.W.3d 741, 760 (Mo. 2014) (internal quotation and citation omitted). "The motion court [is] free to believe or disbelieve the testimony of any witness, including Movant's testimony." ***McCoy v. State***, 431 S.W.3d 517, 521 (Mo.App. E.D. 2014).

The motion court made the following findings on this issue:

> Movant in the present case has failed to prove by a preponderance of the evidence that Plea Counsel affirmatively misled him regarding a collateral consequence of his plea. . . .
>
> Plea Counsel testified that he discussed the plea agreement with Movant. According to Plea Counsel, he was familiar with the 85% requirement, it was his normal practice to explain the 85% requirement to clients, and that he would have explained to Movant that if he were sent to the Department of Corrections, he would be required to serve 85% of his sentence before being eligible for parole. Additionally, Plea Counsel testified that he would never advise a client facing charges for robbery in the first degree that he would only have to serve 15% of his sentence because it was statutorily impossible. *This [c]ourt believes Plea Counsel's testimony that he was familiar with the 85% requirement and that he would never advise a client being charged with robbery in the first degree that he would only have to serve 15% of his sentence before being eligible for parole. This credibility finding is corroborated by the fact that Plea Counsel correctly stated . . . at sentencing that if his client was sent to the Department of Corrections, he would be required to serve 85% of his sentence before being eligible for parole. . . . Thus, this [c]ourt finds that Plea Counsel did not misadvise Movant regarding the 85% requirement.*

(Emphasis added).

The motion court found that Mosley's plea counsel correctly advised him regarding the 85 percent requirement and that his plea counsel did *not* tell him that he would only have to serve

15 percent of his sentence before being eligible for parole. A defendant is not prejudiced by conduct the motion court determines never to have occurred. *Barton*, 432 S.W.3d at 760. Because the motion court determined that Mosley's plea counsel correctly informed him of the 85 percent requirement, and did not tell him that he would only have to serve 15 percent of his sentence, Mosley was not prejudiced. *Id.*

Mosley's argument that his plea counsel promised Mosley probation fails on the same basis. Mosley cannot have been prejudiced by his plea counsel's fallacious promise that Mosley would only receive probation when the motion court determined that this promise never happened. *Barton*, 432 S.W.3d at 760. The motion court did not clearly err in denying Mosley's motion for post-conviction relief by finding that Mosley's plea counsel was not ineffective in that he did not promise Mosley probation if he pled guilty.

Mosley also argues that even if plea counsel did accurately explain the consequences of the plea agreement, "trial counsel failed to make sure [Mosley] actually understood just what the consequences of his plea could be."

Both defense counsel and the trial court have a duty to inform defendant of the direct consequences of pleading guilty. *Huth v. State*, 976 S.W.2d 514, 516 (Mo.App. E.D. 1998). Missouri courts distinguish between cases alleging a failure to advise a client and cases alleging an affirmative misrepresentation to a client. A claim that counsel failed to advise the client of collateral consequences of pleading guilty is a claim for which there is no relief. *Id.* at 516-17. "'A collateral consequence' of a guilty plea is one which does not definitely, immediately, and largely automatically follow the entry of a plea of guilty." *Pettis v. State*, 212 S.W.3d 189, 193 (Mo.App. W.D. 2007) (internal quotation and citation omitted). "Generally, information about parole is a collateral consequence that neither trial counsel nor the court must inform the

7

defendant of in order for a guilty plea to be voluntary and intelligent." *Id.* at 194 (internal quotation and citation omitted).

The motion court did not clearly err in denying Mosley's motion for post-conviction relief by finding that Mosley's plea counsel was not ineffective in that he did not misinform Mosley about the 85 percent rule, and he did not promise probation.

The judgment of the motion court is affirmed.

WILLIAM W. FRANCIS, JR., C.J./P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - Concurs

DANIEL E. SCOTT, J. - Concurs